GERSTEIN, Respondent, vs. C. F. ADAMS COMPANY, Appellant.

*May 29—June 25, 1919.*

*Master and servant: Liability of employer for assault by employee: Appeal: Harmless error: Instructions.*

1. Where defendant's employees, in the course of their employment, assaulted plaintiff while endeavoring to take possession of a clock upon which plaintiff had failed to make an instalment payment then due, defendant was liable although it did not authorize the procedure employed.

2. It being undisputed that the defendant's employees, when they took the clock, were acting in the course of their employment, an instruction to the jury that they should find for the plaintiff if the defendant's employees assaulted her was not error though it did not also embrace the question whether the assault was committed while the employees were acting in the course of their employment; especially is this so in view of the fact that the defendant did not request a more favorable instruction.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

This action was commenced in the civil court of Milwaukee county to recover damages for assault and battery. The complaint alleges, among other things, that the defendant by its agents and servants committed an assault and battery upon the plaintiff, and that she sustained damages thereby. The answer denies the allegations of the complaint. The plaintiff testified that at 9:30 o'clock in the forenoon, November 14, 1917, the defendant's employees entered her home and forcibly took a clock from her premises and committed an assault and battery upon her while so removing

said clock.    The evidence further shows that the employees of defendant, when they took the clock, were attempting to collect instalments due thereon which had not been paid.

A general verdict was rendered in favor of the plaintiff assessing damages at $685.    An appeal was taken to the circuit court, where the judgment of the civil court was affirmed.    Defendant appealed to this court.

The cause was submitted for the appellant on the brief of John H. Paul, attorney, and Walter D. Corrigan, of counsel, both of Milwaukee, and for the respondent on that of Robert A. Hess of Milwaukee.

KERWIN, J.    The evidence in this case tends to show that the employees of the defendant, at the time of the alleged injury, were attempting to collect the balance due on a clock sold and delivered by defendant to plaintiff; that said employees forcibly took the clock from the home of plaintiff and in so doing committed an assault and battery upon her, kicking and severely injuring her; that they forcibly took possession of the clock after plaintiff had failed to pay the balance due.    Said employees denied that they assaulted or beat plaintiff or used any force in taking the clock.    Plaintiff testified that at the time in question she was alone and that the employees of the defendant came to her home and demanded all the money due on the clock; she said she owed $3 and would pay fifty cents and the balance later, but one of the employees said, "No, I have to have all the money." Then they entered the room where the clock was and immediately took it, and she tried to stop them and they tore her waist and one of them gave her a punch in the abdomen and she fell.    They ran away, taking the clock with them, and she lay on the floor half an hour and could not get up; that she bought the clock on the instalment plan.

The evidence is practically undisputed that the clock was taken by the employees of the defendant while engaged in the course of their employment, hence their employer, the

defendant here, was liable for the negligent or wrongful act of its servants committed while endeavoring to perform a duty delegated to them by the master, notwithstanding the method adopted by the servants may not have been authorized, and even may have been prohibited, by the master. *Cobb v. Simon,* 119 Wis. 597, 97 N. W. 276; *Bergman v. Hendrickson,* 106 Wis. 434, 82 N. W. 304; *Johnston v. C., St. P., M. & O. R. Co.* 130 Wis. 492, 110 N. W. 424; *Daley v. C. & N. W. R. Co.* 145 Wis. 249, 129 N. W. 1062; *Craker v. C. & N. W. R. Co.* 36 Wis. 657. The instant case is ruled by the foregoing cases.

It is insisted that the court erred in the following charge to the jury:

"With these definitions in mind, you are instructed that if you are satisfied to a reasonable certainty by a preponderance of the evidence that one of the defendant's servants or employees committed an assault and battery upon plaintiff on November 14, 1917, then your verdict will be for the plaintiff."

It is contended that this charge was error for the reason that the court should have embraced in the charge the question whether the assault and battery was committed while the servants were acting within the course of their employment. As before observed, the evidence is substantially uncontradicted that the employees were acting within the course of their employment at the time they took the clock, hence there was nothing in the record calling for any different instruction than that given by the court. Moreover, if appellant desired a more favorable instruction than that given it should have requested it, which it failed to do.

We are satisfied that there was no prejudicial error in the charge as given, and that the judgment below must be affirmed.

*By the Court.*—Judgment affirmed.