I. O. PERCIFIELD, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

Division B.

Opinion Filed February 12, 1927.

A Writ of Error to the Criminal Court of Record for Palm Beach County; A. G. Hartridge, Judge.

Judgment reversed.

*Joseph S. White,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

BUFORD, J.;

1. We now hold that a purchaser having failed to discharge the indebtedness as evidenced by written notes or written contract including a stipulation that the title to the property, the payment for which such note or. contract is given, shall remain in the vendor until such note or contract is paid, never acquires title to or becomes the absolute owner of the property in question until such obligation has been discharged, and when default has occurred in the payment of such obligation, the vendor has the legal right to take possession of the property, sell the same and apply the proceeds to the payment of the obligation, and, if the note or contract contains the provision that the vendor under such conditions may repossess the property without process of law, then the vendor may repossess such property without resorting to legal process, if he can do so without committing a breach of the peace or committing an unlawful trespass.

STRUM, J.;

1. When. a vendor who is the general owner of a chattel retakes the same from a conditional vendee thereof pursuant to the terms of the contract between the parties that in the event of a default in the payment of the purchase price, the vendor "has the right to take possession of said (chattel) without any process of law," the act of such vendor is not larceny.

BUFORD, J.—In this case the appellant was informed against in the Criminal Court of Record of Palm Beach County, Florida, charged with the offense of larceny of an automobile alleged to have been the property of one Mary C. Bevers. The defendant pleaded *not guilty* and was con-

victed of grand larceny and sentenced to pay a fine of $500.00 and costs, or in default thereof, to serve a period of twelve months in the county jail.

The probative force of the evidence shows that the plaintiff in error was an automobile dealer in Lake Worth, Florida; that on the 29th day of April, 1925, he made a conditional sale of the automobile in question to one L. O. Cowdery; that Cowdery, in part payment for the automobile, gave a note containing the following provision, to-wit: "I further agree that the right, title to and ownership of one Velie Royal Sedan, Motor No. V831636, the property for which this note is given, including all parts, tires or accessories now or subsequently placed thereon by the undersigned shall remain vested in Percifield Auto Co., or bearer, till this note is paid, and if not paid at maturity the holder of this note has the right to take possession of said automobile without any process of law"; that Mary C. Bevers, the mother of Cowdery, made a trade with Cowdery by which she agreed to pay for the car and take the title; that she was cognizant of the condition of the title. The evidence shows that she never had possession of the automobile; that demand was made by the vendor upon Cowdery for the payment of the note; that the plaintiff in error, after having made demand on Cowdery, and after having received information that Cowdery was disposing of his property and about to leave Palm Beach County and that a "For Sale" sign was exhibited on the automobile, found the automobile and, without resorting to any breach of the peace, in the daytime, openly took possession of the automobile, took it into his garage and thereafter disposed of the same.

Under the contract between the parties, title to the automobile did not pass to Cowdery and therefore, Cowdery was not in a position to convey the title to his

mother. The evidence, therefore, shows that Mary C. Bevers held neither title nor possession of the property at the time of the alleged larceny, and, therefore, there was material variance between the allegations and proof which would require a reversal of this case, if we were inclined to go no further into discussion of it. We think, however, that it is worth while to discuss another question which is presented here.

In the case of the Bank of Jasper v. Tuten, 62 Fla. 423; 57 Sou. 238, this Court say, ''Tuten, having failed to discharge the indebtedness due Sandlin, as evidenced by such notes, never acquired the title to or became the owner of the mules in question, and, Tuten having absconded, Sandlin had the legal right to take possession of the mules, sell them and apply the proceeds to the payment of Tuten's indebtedness to him.''

We now hold that a purchaser having failed to discharge the indebtedness as evidenced by written notes or written contract including a stipulation that the title to the property, the payment for which such note or contract is given, shall remain in the vendor until such note or contract is paid, never acquires title to or becomes the absolute owner of the property in question until such obligation has been discharged, and when default has occurred in the payment of such obligation, the vendor has the legal right to take possession of the property, sell the same and apply the proceeds to the payment of the obligation, and, if the note or contract contains the provision that the vendor under such conditions may repossess the property without process of law, then the vendor may repossess such property without resorting to legal process, if he can do so without committing a breach of the peace or committing an unlawful trespass.

In this case Cowdery purchased an automobile; he en-

tered into a solemn and binding contract, we assume freely and voluntarily, in which he stipulated over his signature that the title to the property should remain in the vendor, until the note which secured the balance of the purchase price should be fully paid, and further stipulated "and if not paid at maturity the holder of this note has the right to take possession of said automobile without any process of law." The note was payable on demand. Demand was repeatedly made and the note was not paid. Under these conditions, the vendor, the plaintiff in error here, had a valid and legal right to assert his title by taking possession of the property, and if he could take possession of the same peaceably and without a breach of the peace and without committing a trespass on other property, he was not required to resort to legal process to accomplish that purpose. (The judgment is therefore reversed.)

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.

STRUM, J., concurring—It is usually held that the general owner of a chattel may be guilty of larceny by feloniously taking the chattel from a conditional vendee, who has paid a portion of the purchase price and is in lawful possession of the chattel, with intent to fraudulently or feloniously deprive such vendee of his interest or estate therein. But a felonious intent, and a taking without the consent of the owner, are indispensable elements of larceny. In this case, the taking by the defendant, the general owner of the chattel, was with the consent of the conditional vendee, which consent is evidenced by the

solemn written contract between those parties. The contract provides that in the event the purchase price was not paid as therein agreed—and the evidence shows that it was not—the vendor (defendant), "has the right to take possession of said automobile without any process of law." The element of a felonious taking without the consent of the conditional vendee being absent, the act of the defendant vendor is not larceny.

WHITFIELD, TERRELL AND BROWN, J. J., concur.