THE STONEMAN COMPANY, a Florida Corporation; MARSHALL'S SHOE FACTORY, a Florida Corporation, *et al.,* *Appellants,* v. BRIGGS & WARR, a Florida Corporation, *Appellee.*

148. So. 556.

Division B.

Opinion filed May 6, 1933.

*James M. Carson, Ross Williams* and *Harry Neham,* for Appellants;

*Shutts & Bowen* and *A. W. Woore,* for Appellees.

BUFORD, J.—In May, 1930, appellee filed a bill of complaint to foreclose a mortgage given to secure $150,000.00 indebtedness and creating a lien on certain lands in Dade County, Florida, with the improvements thereon. By amendment to the bill it was shown that there was erected upon the lot a two story building, the first floor being occupied as stores and the second floor as office rooms. It was shown that the sums of $6040.00 and $10,388.55 had been paid on interest since the date of the mortgage which date was June 22, 1925. Interest was at 8 per cent.

The defendants by answer attempted to set up as a defense to the foreclosure that in March, 1927, when they were in default of payment of interest in the sum of $18,000.00, the complainants agreed to waive the default upon the defendants agreeing to assign all of the rent, arising from the rental of the premises and designated Crow-Reader Company as rental agents, with the agreement that the rentals should be paid over to the complainant to apply on the interest payments. It is alleged that it was then and there further agreed that if the rentals failed to produce as much as $1,000 per month, the defendants should make up the deficiency from some other source and pay it to the complainants.

The record also showed by both the amended bill and the answer that the complainant had paid large sums for taxes amounting to an aggregate of $10,858.39, and that the taxes for the year 1929 were on the date of the filing of the bill of complaint unpaid.

The record shows that the Crow-Reader Company collected the rents as agent for the mortgagors and applied the same to the payment as required but these rents were not sufficient to produce $1,000 per month and the defendants failed to pay the deficiency.

The answer further alleged that after the agreement above mentioned another agreement was made by which the complainant agreed to refrain from foreclosing the mortgage and to waive all default so long as it received the rents until the City of Miami real estate market was on a sound financial basis.

The answer sets up no defense to the foreclosure and neither did the evidence warrant a denial of such decree.

The first agreement for forbearance at most was' only an agreement to waive defaults then existing and to forbear foreclosure as long as payments were made in accordance with that agreement. The record conclusively shows that the agreement was breached. There was no valuable consideration either alleged or proved for the second alleged agreement. Neither was a time fixed for its' performance with such certainty and definiteness as to make it a valid agreement had there been consideration for it.

This case is to be differentiated from the case of Moses et al. v. Woodward, et al., opinion filed April 8, 1933, in that in the case just referred to the answer alleged, and the same was supported by proof, that the property was surrendered by the mortgagor to the mortgagees under an agreement that mortgagees should take possession and control of the property and collect the rents and apply the same according to the agreement they had entered into. Possession of the property was a valuable right which remained in the mortgagor until it was surrendered to the mortgagee and constituted a valuable consideration for the agreement for forbearance and in that case not only was the agreement made, but it was carried into effect by performance of the parties. In the case now before us possession was never surrendered, but in effect the defendants plead that the complainants were not entitled to enforce the provisions of the mortgage, because they had agreed to accept less than the

terms of the mortgage called for and that without receiving any valuable consideration and without defendants surrendering anything which they were not bound to surrender under the terms of the mortgage.

The decree should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur.