C. I. T. CORPORATION, *et al.,* v. H. R. REEVES.

150 So. 638.
Division A.
Opinion Filed October 19, 1933.

*Maguire & Voorhis,* for Plaintiffs in Error;

*Wells & Hall,* for Defendant in Error.

DAVIS, C. J.—C. I. T. Corporation, the plaintiff in error, the owner of a conditional sales contract covering a certain Chevrolet truck, without notice to one H. R. Reeves, the purchaser who had executed the conditional sales contract, repossessed the automobile for failure of the purchaser to make the payments specified in the contract. Reeves, after

the time for final payment had arrived, and while still in default under the conditional sales contract, brought this replevin suit to recover possession of the truck from the owner, the C. I. T. Corporation. At a trial had before a jury on an ordinary declaration in replevin and a plea of not guilty, verdict was returned for the plaintiff and judgment entered against defendant thereon. From the judgment this writ of error has been taken.

The conditional sales contract relied on by defendant to justify its action in repossessing and holding the automobile in controversy, contained the following pertinent provisions:

"I, * * * the undersigned purchaser, do hereby acknowledge having this day received from you the following Motor Vehicle, in its present condition, together with its equipment; said vehicle and equipment to be hereinafter referred to as 'chattel'; for which I * * * agree to pay you on the following terms and conditions * * *.

* * *

"If any of my indebtedness shall become due and remain unpaid in whole or in part, * * * the full amount unpaid hereunder, including any note given shall at the option of the holder become due and payable forthwith, * * * and I or we agree upon demand to deliver such chattel to you or your assigns and you or they may, without any previous notice or demand of performance, and without legal process, enter any premises where said chattel may be found and take possession thereof, after which you may * * * make such disposition of said chattel as you shall deem fit, and all payments made by me * * * shall be retained by you as liquidated damages for the use of said chattel while in my * * * possession, and not as a penalty."

The provisions of the contract above referred to were in

contemplation of law a complete legal justification for the holder of the contract, provided he committed no trespass or assault in doing so, to retake possession of the motor vehicle covered by it, upon default of the buyer, and in so doing, the holder was not required to serve any notice or make any demand on the buyer personally as a condition precedent to retaking possession, since the contract in terms provided that the holder of it might, without any previous notice or demand for performance, and without legal process, enter any premises where said chattel might be found, and take possession thereof, after which it was further agreed that the holder, after so retaking possession, could make such disposition of the property retaken, as it might see fit.

It is not pointed out by any brief or argument submitted on behalf of defendant in error, that the provisions of the retain title contract just referred to, are illegal or otherwise unenforceable when contained in an otherwise valid and enforceable instrument of that character, such as has been recognized as valid under the laws of this State in: Evans v. Kloepel, 72 Fla. 267, 73 Sou. Rep. 180; Commercial Finance Co. v. Brooksville Hotel Co., 98 Fla. 410, 123 Sou. Rep. 814; Edwards v. Baldwin Piano Co., 79 Fla. 143, 83 Sou. Rep. 915; Percifield v. State, 93 Fla. 247, 111 Sou. Rep. 519. Nor are we possessed of knowledge of a decided case which so holds with respect to the issue of right of possession when involved in a replevin proceeding.

Without doubt, trespasses or assaults perpetrated in exercising the right to peaceably retake possession, as conferred by the contract, are not contemplated by any of the contractural provisions, and if any such trespasses or assaults are committed by the title holder or his agent, in the course of exercising the contract right given, an action on

the case for damages will clearly lie. See Silverstin v. Kohler & Chase, 181 Cal. 51, 183 Pac. Rep. 451. But damages for such trespass and assaults, if any, are excluded from consideration on the trial of an action involving solely the question of the right of possession under the contract, after possession has been peaceably retaken and is being held by the defendant, as was the case here.

The defendant's motion for a directed verdict should have been granted. Its refusal constitutes error for which the plaintiff's judgment must be reversed, with directions to grant the motion and enter judgment for the defendant.

Reversed and remanded.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, J. (concurring specially).—I agree that Reeves, the plaintiff in replevin, was not entitled to recover possession of the property when the action was brought because his right to possession, which existed under the terms of the contract, he had forfeited by his failure to pay the installments which accrued.

His right to possession depended upon his punctilious observance of the obligation to pay the monthly installments. His right to possession also had been surrendered by his failure to pay the indebtedness as the express terms of the contract required. He agreed to deliver possession on demand, but he also agreed that without any "previous notice or demand of performance" the owner of the machine may enter any premises where it may be found and take possession of it. The contract bound the plaintiff to a peaceful affirmative action of delivery on demand. It also secured to the owner the right to enter upon the premises without legal process, and without demand of performance, and take possession of the chattel.

In any case, whether there was a peaceful affirmative action by the plaintiff in the delivery of the article to the owner, or whether the owner had peacefully, without trespass *vi et armis,* taken possession without demand of performance, the plaintiff had agreed to surrender or forfeit his right to possession. With that gone he could not maintain replevin.

Such is my view of the decisions involving identical situations and the reason and law of the case.

I think therefore the judgment should be reversed.

Brown, J., concurs.