C. I. T. CORPORATION, Plaintiff in Error, v. J. B. BREWER, Defendant in Error.

200 So. 910
En Banc
Opinion Filed February 25, 1941
Rehearing Denied March 31, 1941

*Carlton & Sample,* for Plaintiff in Error;

*B. K. Roberts* and *Denison* and *Smith,* for Defendant in Error.

PER CURIAM.—On writ of error we review judgment in favor of the plaintiff in a suit for damages alleged to have been inflicted by an assault and battery. The facts to sustain a verdict as gleaned from the record are, in effect:

One Amos had bought an automobile under conditional sales contract. The conditional sales contract had been assigned to C. I. T. Corporation, a corporation. J. B. Brewer was president and manager of J. B. Brewer, Inc., a Florida corporation, engaged in the business commonly known as an automobile garage in Fort Pierce, Florida. Amos had delivered the automobile to J. B. Brewer, Inc., to be repaired. The automobile had been repaired. Amos had not paid the repair bill. The automobile was in possession of J. B. Brewer, Inc., just outside of the garage building on the premises of J. B. Brewer, Inc. The ignition key had been removed from the automobile by the garage owner or its agent.

One Denmark was agent for C. I. T. Corporation with authority to collect installments due under conditional sales contract and to repossess automobiles in event of default in payment. Amos and Denmark went into the garage of J. B. Brewer, Inc., and requested J. B. Brewer to make payment for Amos of the amounts in default under the conditional sales contract. Brewer declined to do so, whereupon Denmark said that he would repossess the automobile. J. B.

Brewer told Denmark that he was holding the car for the amount due his corporation for repairs and also told Denmark that he could not remove the car from his possession without paying the repair bill. While they were discussing the matter Brewer's attention was called somewhere else and as he turned away Denmark got into the automobile, found the ignition key was not in it and thereupon attempted to remove the automobile from the premises by using the starter as motive power. The noise of the operation of the starter attracted Brewer; he returned and attempted to get Denmark out of the automobile. Denmark resisted and put up a fight. Brewer called on some of his employees to assist him and together they separated Denmark from the automobile. But, in the fight or altercation over possession of the automobile Denmark injured Brewer by either striking him or kicking him in or about the abdomen, thereby causing a serious hernia resulting in great pain and suffering and in permanent injury.

Plaintiff in error has posed seven questions for our consideration, stated as follows:

"1. Has the holder of a conditional sales contract upon an automobile the right to take possession of the automobile when it is parked on the premises of an automobile sales agency and garage serving the public when the holder or his agent is rightfully on the premises and did not commit a breach of the peace or trespass in entering into and taking possession of the automobile?

"2. Has the holder of a conditional sales contract on an automobile the right to defend his possession of the automobile after he has rightfully repossessed it and is in complete charge and control of it?

"3. Has the holder of a mechanic's and materialmen's lien on an automobile the right to physically and forcibly take possession of the. automobile from one holding the con-

ditional sales contract of prior date and effect, who is actually in custody and possession thereof?

"4. Is it incumbent upon a trial court to fully charge on all material questions of law pertaining to the facts before the jury after it is specifically requested by one of the parties litigant?

"5. Is it incumbent upon a trial court to instruct the jury at the request of one of the parties litigant as to the law of priority of liens when such issues being before the jury may be confusing in the absence of such instructions?

"6. Is it prejudicial error to charge the jury as follows: 'One who attempts to take the law in his own hands and attain his property rights does so at his peril and is responsible in damages for an assault and battery committed in accomplishing the desired result without process of law' where there is no evidence in the record that plaintiff in error did attempt to take the law into his own hands, and at no time or place in the instructions to the jury did the Court enlarge or enlighten that statement?

"7. Is the verdict rendered in this cause in accordance with the substantial justice of the case as shown by the record?"

The first and second questions indulge the unwarranted assumption that the agent of the holder of the conditional sales contract repossessed the automobile in question without committing a breach of the peace or a trespass in taking possession of the automobile. In C. I. T. Corporation, *et al.*, v. Reeves, 112 Fla. 424, 150 Sou. 638, in discussing the rights of the holder of retain title contract to retake property, we said:

"Without doubt, trespasses or assaults perpetrated in exercising the right to peaceably retake possession, as conferred by the contract, are not contemplated by any of the

contractural provisions, and if any such trespasses or assaults are committed by the title holder or his agent, in the course of exercising the contract right given, an action on the case for damages will clearly lie. See Silverstin v. Kohler & Chase, 181 Cal. 51, 183 Pac. Rep. 451."

Authorities are legion to support that enunciation. See Percifield v. State, 93 Fla. 247, 111 Sou. 519; Annotation and authorities cited 9 A. L. A. 1180, *et seq.,* also annotations authorities cited 105 A. L. R., 926 *et seq.*

The third question unwarrantedly assumes that the agent of the holder of the conditional sales contract had accomplished taking possession of the automobile, that is of divesting J. B. Brewer, Inc., of the possession of the automobile when Brewer undertook to remove Denmark from the automobile. The jury was warranted in finding a contrary condition. There is ample evidence to establsih it as a fact that Denmark was attempting to forcibly and against the will of the person in possession of the property remove that property from the possession of the garage owner.

In Crews, *et al.,* v. Parker, 192 Ala. 383, 68 Sou. 287, that court said: "Any act or action manifesting force or violence or naturally calculated to provoke a breach of the peace in the recaption of property renders the actor a trespasser and precludes him from availing of his right to retake the property. To enter one's premises and notwithstanding the possessor's protest and in a rude and rough manner to take chattels against his will is, we think, clearly not an assertion of a right in a peaceful manner."

In Singer Sewing Machine Co. v. Phipps, 49 Ind. Appls. 116, 94 N. E. 793, it was held:

"A corporation is liable in damages as an individual for a tort committed by its agent in the line of his employment and within the scope of his authority, though it be malicious and against its express order."

See also Peddie v. Gally, 95 N. Y. Sup. 652; Regg v. Buckley NewHall, 130 N. Y. Sup, 172; Gerstein v. C. F. Adams Co., 169 Wis. 504, 173 N. W. 209; Singer Sewing Machine Co. v. Methvin, 184 Ala. 554, 63 Sou. 997; Lambert v. Robinson, 162 Mass. 34, 44 Am. St. Rep. 326, 37 N. E. 753.

So it may be said that the attempt to seize manual control of a chattel and to remove it from the premises of one who is in lawful possession thereof by one claiming the right to repossess it under conditional sales contract after he had been expressly denied the right by the person in lawful possession constitutes a trespass for which damages may be awarded; and where such trespass is committed by the agent of the owner of a conditional sales contract when the agent is shown to have general authority to repossess property covered by such contracts the employer is liable for the trespass or assault and battery committed and may be required to answer in damages for the same.

The fourth, fifth and sixth questions may be considered together.

We have considered the charges and instructions given the jury by the trial court and find that they sufficiently cover the law of the case and sufficiently clearly state the issues to be determined by the jury.

No reversible error is reflected in the refusal to give certain requested charges. There appears ample evidence in the record to support the verdict and the judgment.

A consideration of the entire record discloses no reversible error. The judgment is affirmed.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.

ADAMS, J., disqualified.

THOMAS, J., not participating.