## CLARK v. UNIVERSAL C. I. T. CREDIT CORPORATION.
No. 64-2110-L.

Circuit Court, Duval County.
December 2, 1964.

Dwight E. Ogier, Jacksonville, for plaintiff.

Dean Boggs of Boggs, Blalock & Holbrook, Jacksonville, for defendant.

FRANK H. ELMORE, Circuit Judge.

*Opinion:* This cause came on to be heard upon defendant's motion for summary judgment after due notice.

The complaint as amended is in two counts charging in the first count that on May 21, 1964, the plaintiff Agnes Slaughter Clark, was entitled to the possession of that certain automobile described in the complaint which was being purchased under a certain conditional sales contract; that on said date plaintiff's husband presented himself at the office of the defendant corporation in Duval County for the purpose of making the regular monthly installment payment in the amount of $40, which sum was due on May 8, 1964 under the terms of the contract; that plaintiff's husband offered to pay the installment to the defendant but the defendant refused to accept same; that while plaintiff's husband was in the office of the defendant offering to make the payment, the automobile was parked at or near the office of the defendant; that following the refusal of the defendant to accept the May payment, the defendant demanded the surrender of the keys to the car and upon being refused, employees of the defendant against the will of the plaintiff forcibly, willfully and maliciously seized the parked automobile of the plaintiff and did convert same to its own use and benefit.

The second count of the complaint as amended alleges that at the time of the seizure of the car by defendant's employees, there was located in the car certain personal property belonging to the plaintiff, and that the defendant did forcibly, willfully and maliciously seize and convert the personal property to its own use and benefit. Plaintiff claimed compensatory and punitive damages.

The answer of the defendant admitted that on May 21, 1964, the plaintiff was purchasing the car under a conditional sales contract held by the defendant, a copy of which was attached to said answer. Said contract provides in part —

"If customer defaults on any obligation under this contract, . . . the full balance shall without notice become due and payable forthwith, . . . customer agrees in any such case to pay said amount or, at holder's election, to deliver the car to holder, and holder may without notice or demand for performance or legal process enter any premises where the car may be found, take possession of it and custody of anything found in it, and retain all payments as compensation for use of the car while in customer's possession."

The answer further alleged that on May 21, 1964 the plaintiff was in default for failure to make payments on the contract as therein provided and defendant was entitled to immediate pos-

session thereof; that pursuant to the right granted to the defendant under the conditional sales contract, defendant thereupon took possession of the car where it was parked on Beach Boulevard in Duval County, and that at the time defendant took possession thereof, defendant was entitled to possession thereof under the terms of the contract.

As for plaintiff's claim for conversion of plaintiff's personal property by defendant, defendant's answer referred to the provision in the conditional sales contract under which plaintiff was purchasing the automobile in which it was agreed as follows —

"Customer agrees: . . . to send notice by registered mail to holder within 24 hours after repossession if customer claims that any articles not included herein were contained in the car at the time of repossession, failure to do so being a waiver of and bar to any subsequent claim therefor."

Defendant further alleged that plaintiff did not send notice by registered mail, or otherwise, to defendant within 24 hours after repossession claiming that any of the articles referred to in the complaint as amended or any other articles belonging to plaintiff were in the car at the time of the repossession. Defendant therefore alleged that plaintiff's claim for any articles belonging to the plaintiff and left in the car at the time of the repossession was waived and that the claim of the plaintiff therefore was barred under the agreement between the parties.

The following facts, from the pleadings, depositions and affidavits on file in this cause, were found by the court to be undisputed —

The plaintiff purchased the car under a conditional sales contract from Henry A. McCellan, an automobile dealer, which contract was immediately thereafter sold and assigned by McCellan to the defendant and the defendant at all times thereafter was the owner and holder of the contract. The defendant thereafter experienced considerable difficulty with the plaintiff in that the plaintiff moved her place of residence frequently without notifying the defendant. Under the terms of the conditional sales contract, the balance due was payable in monthly installments and on May 21, 1964 plaintiff was in default in making the monthly installments payable under the contract. The contract contained the provisions referred to in defendant's answer as part of the contract between the parties. Plaintiff's husband went to the office of the defendant on May 21, 1964 and tendered a payment on the contract which defendant refused to accept. While the matter was being discussed with the plaintiff's husband in the office of the defendant, other employees of the defendant took possession of the car which was parked on the street outside the

office of the defendant and stored same. Plaintiff's husband was notified before he left the defendant's office that the car had been repossessed.

There is a conflict in the evidence as to whether defendant was given an opportunity to remove any personal property of the plaintiff in the car, the plaintiff's husband contending that he requested permission to remove their personal property, which request was denied, while defendant's employees say they requested plaintiff's husband to remove their personal property immediately but that plaintiff's husband refused to do so. However, for the reasons hereinafter stated, the court finds that this dispute in the evidence is immaterial. Within a few days after the repossession, the evidence before the court showed the defendant wrote a registered letter to the plaintiff requesting plaintiff to call at the office of the defendant to take possession of certain items of personal property belonging to the plaintiff and found in the car at the time of the repossession. This letter was returned to defendant by the Post Office Department with a notation that plaintiff had moved leaving no forwarding address. While this evidence is not in dispute it is likewise immaterial since the parties had agreed in the conditional sales contract that it was the duty of the plaintiff to make claim for any personal property left in the automobile at the time of repossession and there was no duty under the contract on the part of the defendant to write such a letter.

The evidence is undisputed that the plaintiff did not send notice by registered mail to defendant, within 24 hours after repossession of the car, putting defendant on notice that plaintiff claimed there was personal property of the plaintiff in the car at the time of the repossession.

Under the law of this state, it is well settled that a contractual provision such as the one involved in this case providing that if the purchaser defaults on any obligation under the contract, the full balance shall without notice become due and payable forthwith and that the holder may without notice or demand for performance or legal process enter any premises where the car may be found and take possession of same, is valid and enforceable. Title to the property is retained until the balance is fully paid and the purchaser of the property under such a conditional sales contract is entitled to possession thereof only so long as he fully complies with the terms of the contract. The contract confers upon the holder thereof the right to immediate possession of the property in the event of default on the part of the purchaser and the purchaser has no right to change his mind when the time for repossession comes. The only condition imposed

upon the holder of the contract is that where the repossession is without legal process, the repossession shall be peaceable. Section 520.11, Florida Statutes; C.I.T. v. Reeves, 112 Fla. 424, 150 So. 638; Percifield v. State, Fla., 111 So. 519; Universal Credit Co. v. McKinnon, Fla., 143 So. 778; *Chattel Mortgages and Conditional Sales,* Jones, vol. 3, page 421; and Weiner v. G.M.A.C., Circuit Court, Clay County, Florida.

While the court may disapprove of the surreptitious manner in which the repossession takes place, this affords the purchaser no grounds for complaint in view of the contractual right to repossess without legal process in case of default. R.C.A. Photophone v. Sharum, Ark., 75 S.W. 2d 59.

The plaintiff in an action of trover for conversion must have title to and the right of immediate possession of the chattel at the time he was deprived thereof by the defendant, in order to maintain the action. Fletcher v. Dees, Fla., 134 So. 243; Dekle v. Calhoun, Fla., 53 So. 14; Meyers v. Ferris, Fla., 109 So. 209.

In this case the conditional sales contract retained title in the seller and the plaintiff had the right to possession only so long as she promptly made the payments due under the contract. She did not have the right of possession of this automobile at the time of repossession thereof by defendant, the repossession was peaceable—and therefore her cause of action for conversion of the automobile must fail.

With reference to the plaintiff's claim for conversion of personal property allegedly in the automobile at the time of the repossession, plaintiff agreed in her contract with the seller of the car that in the event repossession became necessary and she claimed that any of her personal property was in it at the time of repossession she would send a notice of her claim by registered mail to the holder of the contract within 24 hours after repossession and that her failure to do so would be a waiver of and a bar to any subsequent claim therefor.

The language of the contract requiring such notice is plain and unambiguous. Its clear purpose is to require plaintiff to promptly notify the defendant if she claims any of her personal property was in the car at the time of repossession so that said articles may be located in the car by the defendant and returned to her. While in the opinion of this court, the parties might have provided a longer period of time within which such notice could be given, it is not for this court to rewrite this provision of the contract entered into between the parties. It was not pointed out to this court by plaintiff's attorney wherein this provision of the contract is illegal or unenforceable when contained in an otherwise enforceable contract.

Parties are bound by the contracts they make, when they are legal, and it is the duty of the courts to construe and enforce them as written. Continental Casualty Company v. Bows, Fla., 72 So. 278.

Plaintiff does not contend that she complied with this provision of her agreement. The evidence is undisputed that she did not give notice in the manner and within the time required by her agreement that she claimed personal property in the car at the time of the repossession. She agreed that failing to give such notice would constitute a waiver of and a bar to any subsequent claim therefor. This court has no alternative therefore but to enforce the agreement of the parties and hold that plaintiff is now barred from maintaining any action for conversion of personal property allegedly in the automobile at the time of the repossession.

The court having found that there is no genuine issue of material fact in this cause and that defendant's motion for summary judgment should therefore be granted, an order is entered accordingly and summary judgment entered in favor of the defendant.