### THIGPEN v. ATLAS FINANCE CO. of FLORIDA.
No. 64-2947-L.

Circuit Court, Duval County.

April 13, 1965.

Ogier & Stubbs, and Arthur T. Boone, all of Jacksonville, for plaintiff.

Dean Boggs of Boggs, Blalock & Holbrook, Jacksonville, for defendant.

WILLIAM L. DURDEN, Circuit Judge.

*Final judgment:* This cause came on before the court to be heard on defendant's motion for summary judgment after due notice. The court has heard argument of counsel on the law and the facts. The facts upon which this judgment is based are taken from plaintiff's own testimony so there is no genuine issue of material fact as to the following —

1. On December 11, 1963, the plaintiff entered into a conditional sales contract with Warren Motors, Inc. in Jacksonville for the purchase of the automobile referred to in the complaint. At all times hereinafter mentioned the defendant was the holder and owner of said contract by assignment. The contract provides in part —

"Time is of the essence of this contract and in the event buyer defaults on any payment due under this contract . . . the full amount shall be immediately due and payable. Further upon such default or event, seller or any sheriff or other officer of the law may take immediate possession of said property without demand (possession after default being unlawful) including any equipment or accessories thereto . . ."

2. The plaintiff was in default for failure to make the monthly installment payments due under the contract on August 31, 1964 when defendant repossessed the automobile described in the contract and in the complaint herein.

3. When defendant repossessed the car, the plaintiff states that defendant's agent informed plaintiff that defendant would have to hold it until plaintiff caught up with his delinquent installments.

4. No definite time was set or agreed upon for payment of the delinquent payments nor did plaintiff pay any consideration to defendant for an extension of time of payment.

5. The contract between the parties further provided in part —

"Holder of this contract may take possession of any other property in the above described motor vehicle at the time of repossession, whenever such other property may be therein, and hold same temporarily for buyer without liability on the part of holder and buyer agrees to promptly call at the nearest office of the holder of this contract to receive delivery of such property, and that said holder will not be liable for any damage to, or loss, or theft of, said property after five days from date of repossession."

6. At the time defendant took possession of the car, an agent of the defendant drove the plaintiff to his home in his car. When plaintiff started taking some personal things from the glove compartment, defendant's agent said, "Leave everything where it is and we will take it to the office and lock it up," and that everything would be there when plaintiff caught up with his payments.

7. Plaintiff did not call at the nearest office, or any other office, of the defendant within five days after the repossession to claim any of his personal property alleged to have been left in the car at the time of the repossession.

Under the law of this state, it is well settled that a contractual provision such as the one involved in this case providing that if the purchaser defaults on any payment due under the contract the full amount shall be immediately due and payable and that the holder may without demand take immediate possession of the property, is valid and enforceable. Title to the property is retained until the balance is fully paid and the purchaser of the property under such a conditional sales contract is entitled to possession thereof only so long as he fully complies with the terms of the contract. The contract confers upon the holder thereof the right to immediate possession of the property in the event of default on the part of the purchaser and the purchaser has no right to change his mind when the time for repossession comes. The only condition imposed upon the holder of the contract is that where the repossession is without legal process, the repossession shall be peaceable. Section 520.11, Florida Statutes; C.I.T. v. Reeves, 112 Fla. 424, 150 So. 638; Percifield v. State, Fla., 111 So. 519; Universal Credit Co. v. McKinnon, Fla., 143 So. 778; *Chattel Mortgages and Conditional Sales*, Jones, vol. 3, page 421; and Weiner v. G.M.A.C., Circuit Court, Clay County, Florida.

The plaintiff in an action of trover for conversion must have the right to immediate possession of the chattel at the time he was deprived thereof by the defendant, in order to maintain the

action. Fletcher v. Dees, Fla., 134 So. 243; Dekle v. Calhoun, Fla., 53 So. 14; Meyers v. Farris, Fla., 109 So. 209.

In this case the conditional sales contract retained title in the seller and the plaintiff had the right to possession only so long as he promptly made the payments due under the contract. He did not have the right of possession of this automobile at the time of the repossession thereof by defendant, the repossession was peaceable—and therefore his cause of action for conversion of the automobile must fail unless there was some valid extension of time of payment.

Plaintiff testified in his deposition that defendant's agent told him defendant would have to store or hold the automobile until he made the delinquent payments. It is noted that no definite period of time for the extension was stated. Therefore, this statement, if it could be construed as an agreement, was invalid and unenforceable because it lacked the certainty or the definiteness necessary to a valid agreement.

Further, there was no consideration paid by plaintiff to defendant for such an extension of time for payment, if it could be so construed.

Promise of conditional vendor, upon repossessing property, to hold it for a definite period as security, is unenforceable, if without consideration. Lynch v. Sable and Oberteuffer - Peterson, Ore., 260 P. 222, 55 ALR 180.

Plaintiff claimed vendor, after repossession, agreed to hold the car and return it after payment of the balance. If such a promise was made, it was without consideration and therefore void. Assets Realization Company v. Ganus, Ala., 141 So. 721.

The law of Florida is well settled that where there is no consideration for an agreement to extend the time of payment, such an agreement is invalid. Brinson v. Herlong, 121 Fla. 505, 164 So. 137; Stoneman Company v. Briggs and Warr, 110 Fla. 104, 148 So. 556; Huheey v. Poole, 117 Fla. 325, 157 So. 889; International Shoe Company v. Carmichael, Fla., 114 So.2d 436.

Therefore, summary judgment must be entered against the plaintiff on his claim for conversion of the automobile involved in this case.

With reference to the plaintiff's claim for conversion of personal property allegedly in the automobile at the time of the repossession, plaintiff agreed in his contract with the seller of the car that in the event repossession became necessary, the holder of the contract could take possession of any of plaintiff's

personal property in the car at the time of repossession and hold same temporarily for plaintiff without liability. Plaintiff further agreed to promptly call at the nearest office of the defendant to receive delivery of such property and that the defendant would not be liable for any damage to, or loss, or theft of the property after five days from the date of repossession.

The language of the contract is plain and unambiguous. Its clear purpose is to require plaintiff, if he claims that defendant took possession of any of his personal property in the car at the time of repossession, to call at the nearest office of the defendant promptly to claim the property and to agree that the defendant would not be liable for any damage to, or loss, or theft of, the property unless this was done within five days from the date of repossession. It is not for this court to rewrite this provision of the contract entered into between the parties. It was not pointed out to this court by plaintiff's attorney wherein this provision of the contract is illegal or unenforceable when contained in an otherwise enforceable contract.

Parties are bound by the contracts they make, when they are legal, and it is the duty of the courts to construe and enforce them as written. Continental Casualty Company v. Bows, Fla., 72 So. 278.

When defendant's agent drove plaintiff to his home in the automobile involved at the time of repossession, plaintiff does not claim that said agent told him he could not remove his personal property from the car, or in any way prevented him from removing his personal property therefrom. Said agent's statement to plaintiff at that time was nothing more than a suggestion which plaintiff took. No demand was made by plaintiff for possession of any personal property in the car at that time, nor did this occur at defendant's office where the contract required such a demand to be made.

Plaintiff does not contend that within five days after the repossession he called at the nearest office of the defendant, or at any other office of the defendant, and claimed any personal property alleged to have been in the car at the time of the repossession. He agreed in the contract that if he failed to do so, defendant would not be liable for any damage to, or loss, or theft of the property. This court has no alternative, therefore, but to enforce the agreement of the parties and hold that defendant is not liable for the alleged conversion of personal property of plaintiff in said automobile at the time of the repossession.

In the recent case of Clark v. Universal C.I.T. Credit Corporation, case no. 64-2110-L [25 Fla. Supp. 100], where plaintiff therein was suing for conversion of personal property allegedly

in plaintiff's automobile at the time of repossession, this court entered summary judgment for defendant where plaintiff admittedly made no claim for the return of the property within the time and in the manner agreed upon in the contract between the parties.

It is therefore ordered and adjudged that defendant's motion for summary judgment be, and the same is hereby, granted and summary final judgment be and the same is hereby, entered in favor of the defendant and against the plaintiff. It is further ordered and adjudged that defendant go hence without day and that defendant recover its costs against the plaintiff herein assessed at $31.10.