224 So.2d 416 (1969)
SOUTHERN INDUSTRIAL SAVINGS BANK, a Florida Banking Corporation, Appellant,
v.
Lucille GREENE, Appellee.
No. 68-976.
District Court of Appeal of Florida. Third District.
June 10, 1969.
Rehearing Denied July 25, 1969.
*417 Richard C. Carter, Jr., Miami, for appellant.
Arthur S. Davis, Hialeah, for appellee.
Before PEARSON, HENDRY and SWANN, JJ.
HENDRY, Judge.
The appellant was the defendant below in a law suit brought by the appellee-plaintiff to recover for damages incurred when the appellant peaceably repossessed an auto containing the plaintiff's valuables. The facts herein are not in dispute. Appellant-bank was the financing agent under a retain-title contract for an automobile owned by the plaintiff. After numerous payment defaults had occurred, the appellant directed its agent to use one of the extra keys which it possessed to unlock and drive away the auto in question. Thereafter, during the morning of April 25, 1967, a Tuesday, the appellant's agent located the auto in a private parking lot which was adjacent to the building in which the plaintiff was working at her employment. The auto was fully locked, and the agent used his key to gain entrance into the car and drive it away. At no time did the agent attempt to or actually communicate with the plaintiff, and in no way did the appellant bank actually apprise or attempt to apprise plaintiff of the peaceable repossession action until after it was completed.[1]
In her law suit, plaintiff alleged that at the time the above action occurred, the vehicle contained miscellaneous valuables and cash which she was transporting that day to a relative as collateral for a loan. The jewelry and cash were wrapped together in a brown paper bag, forming a small package, which was then placed under a rubber mat behind a spare tire in the locked trunk of the car.
That afternoon, when the plaintiff discovered that her auto had been repossessed by the bank, she attempted to locate its whereabouts from bank officers, but did not apprise them of the fact that the cash and valuables were hidden therein. In fact, four business days elapsed before the plaintiff decided to actually tell the appellant about the unusual contents within the car. In the meantime, the car had been left in the custody of a used car dealer. Thereafter, on the following Monday, the plaintiff, her attorney, and officers of the bank went out to the used car lot and discovered that the valuables and cash which had allegedly been hidden in the trunk of the auto were missing.
After appropriate pretrial proceedings, the entire matter came to issue and was *418 heard on its merits before the trial judge as a nonjury trial. The court entered its final judgment finding the appellant liable for the loss incurred by plaintiff, and awarded damages in the sum of $5,600.00, plus costs and interest.
Our research efforts have shown this factual situation to be a unique one in Florida. The court below and the parties recognized that the bank had proceeded under § 520.11, Fla.Stats. F.S.A.(1965) in order to peaceably repossess the auto. [Actually, the applicable statute for such an action occurring after January 1, 1967, was § 679.9-503, F.S.A. (1967) but there is no significant difference in the language of either provision as such relates to the remedy of peaceable repossession.] Once having chosen this remedy, the instituting party subjects itself to any liability due to negligence arising in the course of enforcement. This would not be the case had the appellants chosen the legal remedy of replevin, whereby the legal officer executing the writ of replevin is primarily liable for damages arising from his actions, and in addition, proper bonds are posted by both parties to provide for situations such as the one which occurred here. 28 Fla.Jur. Replevin §§ 49-51. We recognize that conditional sellers frequently use the peaceable repossession method provided for by statute, to regain property under a defaulted contract. Nonetheless, the bank having chosen its remedy must stand by the attendant duties and liabilities thereof. Thus, our attention is directed to common law principles which both logic and fairness point to as applicable to the determination of liability here.
The question has arisen in the past as to the liability of a party, peaceably repossessing chattel under a conditional sales contract, who commits a tortious or criminal act while carrying out the repossession. E.g., Percifield v. State, 93 Fla. 247, 111 So. 519; C.I.T. Corp. v. Brewer, 146 Fla. 247, 200 So. 910. However, injury to the person, and/or trespass are not issues here, and the standards of reasonable conduct which were applicable to tort or criminal cases would not be appropriate to the case sub judice.
Neither are the principles pertaining to abandoned, lost, or mislaid property applicable here. See 1 Am.Jur.2d Abandoned, Lost, & Mislaid Property §§ 24-26. Those rules are predicated on the owner's inadvertence or negligence which caused the property to come into the hands of the possessor, and that factor is not present here. Also inapplicable are those principles found in cases dealing with the standards of care owed by garagemen, parking lot owners, public carriers and others to whom an auto is entrusted. E.g., Rudisill v. Taxicabs of Tampa, Inc., Fla.App. 1962, 147 So.2d 180. Such cases are distinguishable because of the owner's voluntary and knowing placement of the vehicle and its contents into the hands of the custodian. Principles predicated on that factor would not necessarily conform to cases involving the taking of an auto, under legal right but not judicial process, wherein the owner has no knowledge of said taking. Here, the instant facts present a situation which is closer akin to that of a constructive bailment. In 8 Am.Jur.2d Bailments § 8, it is stated:
"Generally when one comes into lawful possession of personal property of another, other than by mutual contract of bailment he is, by operation of law, treated as a bailee of such property, and may reasonably be referred to as a constructive bailee."
The above quoted encyclopedic passage, although general, appears well-suited to the facts at bar. There is an admittedly existing standard of care owed from a conditional seller taking repossession of chattel from the conditional buyer. E.g., 78 C.J.S. Sales §§ 628-634. By construing the appellant as an involuntary, or constructive bailee, we have thereby placed it in a legal class of custodians amenable to certain duties and obligations which are far less than those of the "lucrative bailee" (i.e., one for *419 hire), yet greater than those duties owed by a "gratuitous bailee" (i.e., a bailee taking possession of the bailment for the sole benefit of the bailor).
Having established the appellant's status as that of a constructive bailee, we proceed to the issue of whether the court properly found that the standard of care owed by it to the plaintiff was breached and that the loss was proximately caused thereby.
At the conclusion of the trial, plaintiff-appellee specifically pointed out four factual occurrences, contending that they were evidence showing lack of reasonable care, under these circumstances, owed by the bank to the plaintiff. Those factors were: (a) that the bank sent only one man to do the actual repossessing, whereas it should have sent two; (b) that the bank allowed the keys to the ignition and to the trunk of the vehicle to be left with the new custodian of the car after the repossession; (c) that the bank, through its agent, failed to exercise diligence and reasonable care in its search of the car in that it failed to discover the hidden package containing the valuables; and (d) that the bank was negligent because its agent failed to apprise the plaintiff herself when she was easily accessible and could not have then prevented the repossession of the car.
To offset the thrust of the plaintiff's case, the bank also pointed out certain factual occurrences which it contended were sufficient to relieve it from liability for loss. These contentions are based on the delay in time between plaintiff's discovery that the car had been taken, and her notification to the bank with regard to the secreted valuables. Stated another way, the bank was raising the affirmative defense of avoidable consequences, or in the alternative, mitigation of damages.
However, we need not ascribe legal weight to the significance of either of these positions. Since the judge was sitting in his capacity as the trier of fact, it was within his province to resolve the factual issues pertaining to standards of care and reasonable duties owed to the plaintiff. Suwannee Valley Electric Cooperative, Inc. v. Live Oak, Perry & G.R. Co., Fla. 1954, 73 So.2d 820. It is stated in 8 Am.Jur.2d Bailments § 50:
"If one, without the trespass which characterizes ordinary larceny comes into prossession of any personalty of another and is in duty bound to exercise some degree of care to preserve and restore the thing to such other or to some person for that other, or otherwise to account for the property as that of such other, according to circumstances, he is a bailee."
Certainly, evidence was before the court pertaining to that degree of care necessary, under these circumstances, to "preserve and restore" the secreted property at issue here. Therefore, we cannot disturb that portion of the final judgment being appealed which found the appellant liable for the loss complained of.
Moving on to the question of damages as raised by the appellant, the record shows a deficiency in the plaintiff's case as to the value of the converted property. Testimony shows that many of the items were second-hand and aged, but does not reflect depreciation, damage, or decay. The plaintiff, in her testimony to the court, simply stated the original cost of the items which was accepted by the court in toto. This appears to be insufficient evidence as to the value of the converted property as well. See 9 Fla.Jur. Damages §§ 14, 69 and 71. Therefore, that portion of the final judgment pertaining to damages is hereby reversed and remanded for further proceedings.
Thus, based on the foregoing reasons, the final judgment being appealed is hereby affirmed as to the liability of the appellant, and reversed and remanded as to the damages incurred by the appellee.
Affirmed in part; reversed and remanded in part.
NOTES
[1] The bank's agent did call local police to report the repossession immediately after taking the car. Plaintiff called the police after learning the car was missing and was told of the repossession by the police.