PER CURIAM.
Appellant (defendant in the trial court) seeks review of a final judgment for the appellee entered by the trial court pursuant to a non-jury trial on the issue of damages.
This is the second time this case is before this court. See Southern Industrial Savings Bank v. Greene, Fla.App., 1969, 224 So.2d 416. In the cited opinion, this court affirmed the trial court’s finding as to liability, but reversed for further proceedings on the issue of damages. Pursuant to mandate of this court, the appellee moved for an order setting a hearing date of October 8, 1969. On October 10, 1969, appellant filed its demand for jury trial. Trial was set non-jury during the week of December 15, 1969. Thereafter, appellant moved for and filed an amended answer, interrogatories to the appellee, and another demand for jury trial. The cause ultimately came on for non-jury trial on December 18, 1969, at which time appellant moved for a continuance on the ground that the ap-pellee had not filed answers to interrogatories until the day of the trial. The motion was denied and at trial, the appellee introduced testimony of an expert witness as to damages. At the conclusion of the trial, the appellee moved to amend her complaint to conform to the evidence, said evidence showing a greater loss than alleged in the complaint. The motion was granted and the trial court entered the final judgment appealed herein.
Appellant contends abuse of discretion by the trial court by denying his motion for a continuance and further by permitting ap-pellee to amend her complaint at the conclusion of the trial. A review of the record failed to disclose that the trial judge abused his discretion. Also see Rule 1.190 (b) R.C.P., 30 F.S.A.
The remaining issue raised by appellant is that the trial court erred in denying appellant a jury trial. The initial trial was non-jury. The appellant’s right to trial by jury was not revived by this court’s reversal for further proceedings on the issue of damages nor was it revived by the amended complaint which touched the same general issue of damages which was then before the court. See 20 Fla.Jur., Jury § 26. The judgment of the trial court is therefore affirmed.