### FIRST NATIONAL BANK OF MIAMI v. LOWE, et ux.

No. 72-7618.

Civil Court of Record, Dade County.

October 6, 1972.

Norman A. Coll of McCarthy, Steel, Hector & Davis, Miami for the plaintiff.

Howard L. Kuker, Miami, for the defendants.

EDWARD S. KLEIN, Judge.

This cause having come on before the court upon the motion to strike affirmative defenses, motion to dismiss counterclaim, and motion to strike filed by the plaintiff, and the defendant's objections to plaintiff's interrogatories, and the court having heard argument of counsel for the parties and being fully advised in the premises, it is ordered and adjudged —

The plaintiff's motion to strike the defendant's first defense is granted. Defendant shall have twenty days from the date of this order within which to file an amended first affirmative defense.

The plaintiff's motion to strike the defendant's second affirmative defense is granted, without leave to amend. The second affirmative defense asserts that F.S. §§679.501, et seq. "are unconstitutional in that they are violative of the due process guarantees of the Fifth and Fourteenth Amendments of the Constitution of the United States." Since it affirmatively appears from the face of the pleadings that this case arose out of the private repossession of a motor vehicle without legal process, no facts are or could be alleged to show the requisite "state action" necessary for the application of the federal constitutional provisions alleged. McCormick v. First National Bank of Miami, 322 F. Supp. 604 (D.C.S.D. Fla. 1971); Murray's Lessee v. Hoboken Land & Imp. Co., 59 U.S. 272, 285, 15 L. Ed. 372 (1856). (Cf. Fuentes, et al v. Shevin, et al, 32 L. Ed. 2d 556, 570 (1972) where, in holding the Florida prejudgment replevin statutes (F.S. §§78.01, et seq.) unconstitutional the court held — "The issue is whether procedural due process in the context of these cases requires an opportunity for a hearing before the State authorizes its agents to seize property in the possession of a person upon the application of another.") The statutes claimed to be unconstitutional (F.S. §§679.501, et seq. — §9-501, et seq. of the Uniform Commercial Code) simply confer in express terms a power which most jurisdictions, including Florida, recognized under the common law in the absence of express statutory authorization. McCormick v. First National Bank of Miami, 322 F. Supp. 604 (D.C.S.D. Fla. 1971); Bank of Jasper v. Tuten, 62 Fla. 423, 57 So. 238 (1911); Percifield v. State, 93 Fla. 247, 111 So. 519 (1927); Universal Credit Co. v. McKinnin, 166 Fla. 848, 143 So. 778 (1932); C. I. T. Corp. v. Reeves, 112 Fla. 424, 150 So. 638 (1933); Annotation *"Right of Conditional Seller to Retake Property Without Legal Process"*, 146 ALR 1331-1344.

The plaintiff's motion to strike the defendant's third affirmative defense is granted, without leave to amend. This defense asserts that the security agreement used to finance the motor vehicle in

question, which specifically authorizes private repossession upon default, is invalid because "it forces the defendant to waive his right to due process of law and his protection against illegal search and seizure in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and his right to confrontation guaranteed by the Sixth Amendment to the United States Constitution." The rationale of the decisions cited above is equally applicable here. The defendant's assertion of abridgement of Sixth Amendment rights is inapplicable to this civil proceeding.

The plaintiff's motion to strike the defendant's fourth affirmative defense is granted. Defendant shall have twenty days from the date of this order within which to file an amended fourth affirmative defense.

The plaintiff's motion to dismiss the counterclaim filed by the defendant is granted. At the hearing, counsel for defendant represented to the court that the counterclaim was based entirely upon the alleged unconstitutionality of the statutes and contract provisions set forth in the second affirmative defense and third affirmative defense heretofore stricken without leave to amend, and that defendant did not desire leave to amend the counterclaim. Therefore, the counterclaim is dismissed, with prejudice and without leave to amend.

In view of the court's ruling on the motion to dismiss counterclaim, it is unnecessary to determine at this time the plaintiff's motion to strike the prayer for punitive damages in the counterclaim.

The defendant's objections to plaintiff's interrogatories are overruled and the defendant is ordered to furnish complete and responsive answers to interrogatories 6, 7 and 10 within twenty days of the date of this order.