288 So.2d 288 (1974)
Horace THRASHER and Rosa Thrasher, Appellants,
v.
FIRST NATIONAL BANK OF MIAMI, Appellee.
No. 73-636.
District Court of Appeal of Florida, Third District.
January 22, 1974.
Harvey M. Goldstein, Miami, for appellants.
McCarthy, Steel, Hector & Davis and Norman A. Coll, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
Appellants, plaintiffs in the trial court, seek review of an order by the trial court dismissing their amended complaint with prejudice.
The amended complaint in three counts charged appellee with a violation of appellants' civil rights under 42 U.S.C. § 1983 and in Count II and III with trespass and conversion of appellants' automobile. The trial court dismissed Count I because no state action was alleged entitling appellants to relief, inasmuch as this case involves a private self-help repossession. In this regard, the trial judge was correct. See Northside Motors of Florida Inc. v. Brinkley, Fla. 1973, 282 So.2d 617.
However, we cannot agree with the dismissal of Count II and III alleging conversion. The trial court concluded that the amended complaint did not plead facts showing that appellants possessed a present or immediate right of possession of the property in question.
Appellants contend that the amended complaint alleged all which is required of them by Form 1.939 of the Florida R.C.P., 31 F.S.A., entitled "Conversion," and therefore a dismissal of the complaint with prejudice was improper. It is true that appellants' *289 amended complaint did not include the monetary value of the automobile allegedly converted as is required by the form. However, we do not think this is fatal to the complaint. Florida R.C.P. 1.900, 31 F.S.A., entitled "Forms," states in part:
"(b) The other forms are sufficient for the matters that are covered by them. So long as the substance is expressed without prolixity, the forms may be varied to meet the facts of a particular case."
The appellants in addition to conversion alleged a wrongful trespass by the appellee in order to repossess the automobile. Earlier Florida cases have recognized the principle that where a repossession involves a trespass or assault, such repossession is illegal. McDowell v. Talcott, Fla.App. 1966, 183 So.2d 592; C.I.T. Corp. v. Brewer, 1941, 146 Fla. 247, 200 So. 910; C.I.T. Corp. v. Reeves, 1933, 112 Fla. 424, 150 So. 638. Also, the Florida Supreme Court in Northside Motors of Florida, Inc. v. Brinkley, supra, recognized that under Fla. Stat. § 679.503, F.S.A., a creditor may not undertake self-help repossession which results in a breach of the peace. Upon a motion to dismiss a complaint for failure to state a cause of action, all allegations in the complaint are taken to be true and all reasonable inferences are permitted on behalf of the plaintiff. Orlando Sports Stadium, Inc. v. State ex rel. Powell, Fla. 1972, 262 So.2d 881.
Therefore, for the reasons stated and upon the authorities cited, we hold that the court erred in dismissing Counts II and III of the amended complaint. Accordingly, the cause is affirmed as to the dismissal of Count I of the amended complaint and reversed and remanded for further proceedings as to Counts II and III.
Affirmed in part; reversed in part.