LaROSE, Judge.
Good To Go Food Store, Inc., appeals a final judgment for possession entered by the circuit court in favor of LRM Realty, LLP. We have jurisdiction, see Fla. R.App. P. 9.030(b)(1)(A), and affirm.
This case involves a commercial tenancy dispute. Good To Go leased property from LRM pursuant to a month-to-month tenancy, following the expiration of a 1993 written lease. The month-to-month tenancy relied upon the provisions of the written lease to define the parties’ rights and obligations. LRM terminated the month-to-month tenancy in October 2010. Despite receiving notice, Good To Go failed to vacate the property. LRM sued in county court, seeking Good To Go’s removal and recovery of past due rents. See §§ 83.06, .21, Fla. Stat. (2010).
Good To Go moved to dismiss, alleging, among other matters, that the complaint failed to state a cause of action because it did not attach a copy of the month-to-month lease. LRM filed a motion to determine rents, asserting that the then unpaid rent totalled $11,682.12. LRM sought double rents, pursuant to section 83.06.
The county court denied Good To Go’s motion to dismiss, granted LRM’s motion to determine rents, and ordered Good To Go to deposit past due rents of $11,682.12 into the court registry. See § 83.232. Good To Go did not comply. Instead, it filed a second motion to dismiss, challenging the county court’s jurisdiction; Good To Go claimed that double rent would total $23,364.24, an amount above the county court’s $15,000 jurisdictional limit. See §§ 34.01(l)(c), .011, Fla. Stat. (2010). LRM filed and the county court granted a motion to transfer the action to circuit court pursuant to Florida Rules of Civil Procedure 1.060(a) and 1.170(j). The circuit court then adopted the county court’s order requiring Good To Go to deposit $11,682.12 into the court registry. Thereafter, it entered a final judgment for possession.
Good To Go argues that the final judgment is void because the county court lacked jurisdiction. Because the circuit court adopted and enforced a void order, Good To Go argues that the circuit court’s order and judgment is also void. Additionally, Good To Go argues that LRM failed to state a cause of action by failing to comply with the pleading requirements of Florida law and failed to plead the amount of past due rents. We are not persuaded.
Good To Go premises its first argument on the fact that double rent would exceed the county court’s jurisdiction amount. But, the county court properly transferred the action to the circuit court. See Fla. R. Civ. P. 1.060(a), 1.170(j). Furthermore, the county court’s order to deposit past due rents specified an amount less than $15,000. The county court’s order was not void, and the circuit court’s order was not based on a void order.
We also reject Good To Go’s second argument that the complaint failed to state a cause of action and failed to comply with Florida pleading requirements. LRM attached the written lease to the complaint and alleged how it formed the basis of the month-to-month tenancy. LRM also attached to the complaint a letter to Good To Go, advising that the month-to-month tenancy was being terminated. LRM also alleged the amount of then due rent due in its motion for deposit of rents into the court’s registry.
LRM was not required to follow verbatim form 1.947, as Good To Go suggests. *364 See Fla. R. Civ. P. 1.900(b) (providing that “forms are sufficient for the matters that are covered by them. So long as the substance is expressed without prolixity, the forms may be varied to meet the facts of a particular case.”); Gomes v. LeGrand, 560 So.2d 389, 389 (Fla. 1st DCA 1990) (holding that complaint that alleged existence of agreement to pay rent and failure to pay that rent stated cause of action); Thrasher v. First Nat’l Bank of Miami, 288 So.2d 288, 288-89 (Fla. 3d DCA 1974) (for purposes of motion to dismiss complaint for failure to state cause of action, all allegations in complaint are taken to be true and all reasonable inferences are permitted on behalf of plaintiff; failure of complaint in conversion action to allege value of automobile allegedly converted was not fatal under forms; citing rules 1.900(b), 1.939); Cabot v. Clearwater Constr. Co., 89 So.2d 662, 664 (Fla.1956) (“Now the objective of all pleading is merely to provide a method for setting out the opposing contentions of the parties. No longer are we concerned with the ‘tricks and technicalities of the trade[.’] The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which the technique of the maneuver captures the prize.”).
Affirmed.
NORTHCUTT and WALLACE, JJ., Concur.