## MORRISON v. GALYON MOTOR CO.

Eastern Section.   January, 1932.

Petition for Certiorari denied by Supreme Court, April 17, 1932.

R. H. Ward, of Kingston, for appellant.
Burn & Michael, of Sweetwater, for appellee.

SNODGRASS, J.   Original complainant, Carl Morrison, who was defendant to the cross-bill, appealed from the decree above indicated.

The assignments of error, eight in number, set forth the conditions more fully and are as follows:

"I.   The Chancellor erred in dismissing complainant's bill and declining to grant the relief therein prayed.   The Chancellor should have sustained the bill and held that under the law there is only two methods by which a conditional seller can regain property sold under a conditional sale contract, after default in the payment of installment provided for in the contract, namely, (a) Process of law, or (2) by the voluntary surrender by the conditional purchaser.

"II.   Because the Chancellor erred in holding that the conditional seller had the right to enter upon the premises of the conditional purchaser and remove the truck therefrom, without process of law, or without consent.   The Chancellor should have held that under the law the conditional seller would not have the right to arbitrarily

enter upon the premises of a conditional purchaser and remove the property therefrom without process of law.

"III. Because the Court erred in holding that as a matter of law the temporary removal of property sold under conditional sales contract into another State would constitute a default that would give the conditional seller the right to enter upon the premises and remove property sold under conditional sale contract without process of law, or permission or consent of the conditional purchaser.

"IV. Because the Chancellor erred in holding as a matter of law that by reason of the conditional purchaser having given a check for part of the original consideration and it remaining unpaid, and the possession of property having been delivered to the conditional purchaser and the check remaining unpaid would constitute a default and would give the conditional seller the right to take possession of the property sold under the conditional sale law, without process of law. The Chancellor should have held that under the law, after the execution and delivery of the check, and the delivery of the possession of said truck to the conditional purchaser, that the failure to pay said check when presented at the payee bank would not be such default as contemplated by the conditional sale law to give the conditional seller the right to regain possession of the property.

"V. Because the Chancellor erred in holding that the temporary removal of property purchased under conditional sales contract into another state, and the failure to pay a check given as part of the original consideration constitute such a default in the conditional sale contract as would give the conditional seller the right to enforce the conditional sale contract, and sell the property in accordance with the conditional sale law. The Chancellor should have held that the temporary removal of the property into another state, and the failure to pay the check given as part of the original consideration for the property sold under conditional sale contract is not such a default known to the law, and the only default known to the law is default in the payment of a deferred installment of the remaining unpaid consideration, as provided for by statute.

"VI. Because the Chancellor erred in holding that the defendant, the conditional seller, had legally obtained the possession of said truck, as shown by the term of the conditional sale contract there was no installment past due at the time the conditional seller acquired possession thereof.

"The Chancellor should have held that the conditional purchaser was not in default in payment of a deferred installment of the remaining unpaid consideration, and by reason of not being in default in payment, the defendant acquired possession unlawfully.

"VII. Because the Chancellor erred in sustaining the cross-bill, and granting the relief prayed.

"The Chancellor should have held that there was no showing in the cross-bill or in the proof, of a default in the payment of the consideration at maturity, and without such showing denied relief.

"VIII. Because the Chancellor erred in holding that a check given as part of the original considerations, and a conditional note given for the deferred balance, and the possession of the property delivered to the conditional purchaser, and upon nonpayment of the check the conditional seller would have the right to take possession of the property under the conditional sale statute.

"The Chancellor should have held that upon the delivery and execution of a conditional sale note, and delivery of the possession of the chattel to the purchaser, payments other than the payments set out in the conditional sale note were not secured by legal title to the property conveyed, and the seller would be without right to enforce the same under the conditional sale statute."

The origin of the case was a suit instituted by Wm. B. Ladd against both complainant and defendant in this cause over some portion of a truck either forming a part of or used in connection with the truck or trucks the subject of the present controversy. What necessary connection it had with the present controversy does not appear, though it was claimed that it had such, but under the facts set forth in the original bill it was claimed that defendant Galyon Motor Company, by reason of the manner in which it regained possession of the truck, which was averred to be unlawful, was liable to complainant in the sum of $100 and in the sum of $50, the value of a bolster which, it was alleged, was to be removed and kept for complainant but which had been, it was said, converted by defendant. It was admitted that the bolster was to be retained and delivered upon demand.

It was admitted in the answer that the bolster was to be removed from the truck and so kept. It was insisted that it had been stored, was in possession of defendant and ready to be delivered, and it so appears from the proof.

Regarding the right of recovery predicated upon a payment on the truck that had been repossessed, we agree with the chancellor that the proof showed this position untenable and therefore the original bill was properly dismissed.

There is no dispute but what the truck had been sold to complainant, Morrison, upon the terms of the conditional sales contract filed as exhibit in the record, the total consideration being $485, $150 being the cash payment and the balance was to be $31 per month beginning on September 15, 1930. One hundred dollars of the cash payment was in the form of a truck delivered at that price, and the balance of $50 was in the form of a check which was not to be presented to the bank for a short time, presumably so that if complainant did

not have enough in the bank at the time he might put it in to meet the check. The check was presented as agreed upon and was dishonored, and some time after and before the truck was repossessed was presented again and there were no funds.

The agent of the Galyon Motor Company went to the complainant's house, but it was stated that complainant was not at home, and it was said by those there, seemingly in charge of the premises, that the two trucks setting out in front of the house belonged to some man up in the peach orchard, but on investigation it was found that this was not so; and on obtaining the number of the desired truck, one of them was identified by the agent as the truck in question. No opposition was had to his thereupon taking it into his possession. Mr. Thompson was asked:

"Q. Did these parties object to you taking the truck away? A. No, sir.

"Q. Did they consent to it? A. They said 'there is the truck, you can take it if you want to.'"

It is not insisted that complainant Morrison was there or that he gave his personal consent at the time to the truck being taken into the possession of the defendant and removed. Neither is it insisted that any process was sued out from any court or in the hands of the agents of the Galyon Motor Company at the time, and complainant seems to predicate his case upon the fact that only a voluntary surrender by the owner present at the time or a resort to legal process sued out is warrant sufficient to justify the taking. But we think he is in error about that. We are of opinion that the authority to so act, found in the conditional sales contract itself and the circumstances of possession surrounding the truck at the time, was sufficient warrant under the proof. Of course, had complainant, Morrison, been present at the time to give evidence that his contract assent to such taking was withdrawn or had such been indicated by his agents or the ones in whose possession he had apparently left the truck, then the agent would not have been authorized to physically take possession of the truck against their consent for such an action would be calculated to provoke a breach of the peace, rather than which resort must be had to the sovereign authority of the law expressed and directed in its usual and proper form.

But assent of the complainant himself, under certain conditions, was given in the conditional sales contract for the acquisition of possession of the truck, and finding it in a place and under such conditions of supervision where such possession could be obtained without a breach of the peace, either actual or invited, then replevin was not at all necessary and consent under such conditions would be implied if as a matter of fact any precedent condition existed to support it. The recovery of possession under such circumstances would be a lawful recovery and defendant would be authorized to

pursue his remedy under his conditional sales contract which was legally done and so admitted to be under the agreed stipulation.

But it is insisted by the complainant that a default in the payment of the $50 check in the time agreed was not a default provided for in the conditional sales contract; that it could only be a default in that part of the consideration specified to be paid monthly, but we are of opinion that the contract covered any default in the payment of the check. So much of the consideration comprehended in the down payment was a cash or equivalent of a cash transaction, notwithstanding complainant was allowed a few days to make a deposit to provide for the check. It would operate fraudulently to allow him to continue to use the truck without the payment of the cash, or equivalent of the cash, agreed as the down payment according to its terms. We think upon the failure to make this down payment as agreed defendant might have treated the contract as avoided and recovered the truck. But there were other provisions in the contract he might have resorted to. For instance, the third section of the contract provides:

"In the event the purchaser defaults on any payment due on this contract and/or any other contracts held by the seller or General Motors Acceptance Corporation, or fails to comply with any condition of this contract, or a proceeding in bankruptcy, receivership or insolvency be instituted against the purchaser or his property, or the seller deems the property in danger of misuse or confiscation, the full amount shall, at the election of the seller, be immediately due and payable, and purchaser hereby authorizes any attorney at law to appear for said purchaser in any court of record in the United States, waive issue and service of process, and confess judgment against said purchaser for the amount due hereunder in favor of the seller or assignee together with attorneys' fees as hereinabove provided."

Without undertaking to discuss further the provisions of the conditional sales contract, the original appearing on page 16 of the record, we are of opinion that its provisions are ample, covering the procedure herein reported to and justifying the recovery under the cross-bill.

We must say, however, that there is no sufficient proof supporting any insistence that the purchaser removed the property from the state without permission of the seller. That he had used the truck in trips out of the state was assumed only upon information or rumor, but that he did so was denied in the proof by the complainant and was not proven by any preponderance. And so much of the chancellor's finding of a default based upon an alleged removal is not concurred in.

Without, however, discussing the matters further, we think under the contract the proof entirely justified the repossession of the car

and the recovery under the cross-bill. The assignments of error are overruled, and the decree of the chancellor affirmed, with the costs against appellants.

Portrum and Thompson, JJ., concur.