## MARTIN *v.* COOK.

No. 41169          October 5, 1959          114 So. 2d 669

*Crisler, Crisler & Bowling,* Jackson; *L. S. McClaren,* McComb, for appellant.

*Wm. Harold Cox,* Jackson, for appellee.

APPELLANT IN REPLY.

ETHRIDGE, J.

This is a suit in tort by a conditional vendee of a truck for an unlawful repossession by the conditional vendor. The Circuit Court for the First Judicial District of Hinds County gave plaintiff a peremptory instruction on liability, and submitted to the jury the issue of actual damages. The jury returned a verdict for plaintiff Martin against Cook for actual damages of $2,500. The trial court sustained defendant's motion for a new trial on the issue of damages, unless plaintiff agreed to a remittitur of $1,300. He refused, and the circuit court ordered a new trial on the question of damages alone. Plaintiff appealed from that order, and Cook, defendant below, cross-appealed.

On November 9, 1956, Cook sold to Martin in Jackson, Mississippi, for $12,698.19 a new Mack diesel tractor truck. After the down payment the balance of the sale price was $10,116.15, payable in 30 monthly installments of $373.29. The conditional sales agreement contained the usual provision that, in the event the vendee becomes delinquent in the monthly payments, the vendor could take "immediate possession of the property . . . without notice or demand. For this purpose vendor may enter upon any premises the property may be."

Martin returned from a trip, and parked and locked the truck on the premises of a company in Memphis, where it was his intention to load it with produce in a day or so for a trip to the West Coast. Because of delinquency in the payments, Cook repossessed the ve-

hicle at about 6:30 P. M. on Sunday, August 18, 1957. In doing so he and his employee did not break or damage the vehicle in any way. The metal ventilator on the under-left side of the cowl was controlled by a lever inside the truck and was left open. The screen on it, four by eight inches, was fastened with small screws on the outside of the opening in front of this ventilator. Cook used a small pocket knife to remove these screws open this vent, and a stick was inserted through the opening to lift the latch on the left door of the cab and thereby unlock it. This was necessary to disconnect the tractor from the trailer to which it was attached and to which Cook made no claim. The tractor was then towed to a storage lot. No keys were in it.

In the light of these undisputed facts, we think that appellee Cook should have been given a peremptory instruction and the suit dismissed. The repossession was lawful under the terms of the conditional sales contract, and was not effectuated through any breach of the peace. Since the method of repossession in Tennessee under the Mississippi contract was consistent with both Mississippi and Tennessee decisions, it is not necessary to consider the conflict of laws' question as to whether Mississippi or Tennessee law controls. See Anno., 143 A. L. R. 1331, 1333 (1943).

A good description of the right to repossess, and the limitations on it, is in an annotation in 105 A. L. R. 926 (1936): "It is held by the great weight of authority that where the buyer of property upon conditional sale makes default in his payments, and by the terms of the agreement the seller is authorized, in such event, to retake the property, he is entitled under this power to repossess himself of the property if he can do so peaceably, but if the buyer objects and protests against the seller's retaking the property, and obstructs him in so doing, it is the duty of the seller to resort to legal process to enforce his right to repossession. He is not en-

titled to use force; and he is guilty of an assault and battery or of trespass, as the case may be, if he does so.'' The principal test is whether the repossession was peaceable, or required the use of force or threats as to the buyer or his representatives.

■■ ■ 78 C. J. S., Sales, Sec. 603, states that retaking possession, ''provided this can be done peaceably,'' without resort to the courts is proper, but the seller is not entitled ''to regain possession by fraud, and if the taking is resisted the seller may not use force but must resort to appropriate proceedings at law.'' ■■■ This limitation has reference to the use of force as against the buyer or his representatives. The policy is against encouraging breaches of the peace. Martin was not present when this repossession occurred, and no threats or breach of the peace occurred.

47 Am. Jur., Sales, Section 941, states: ''The vendor is liable to the vendee for damages in retaking the property in an unlawful manner, as by trespass or the use of force.'' But the trespass there referred to is discussed in Section 952 of the same text, which deals with the entering upon vendee's premises or real property and taking the property out of his home. So the main inhibition under this rule is that the repossession be peaceable and without the use of force as to the buyer or his representatives. To the same effect is 3 Williston, Sales (Rev. Ed. 1948), Section 579a, which makes a distinction between a trespass committed while entering upon the real property of the buyer, and the retaking of personal property, such as an automobile parked on a highway or in a lot.

This Court also has made recently the same distinction in Kirkwood v. Hickman, 223 Miss. 372, 78 So. 2d 351 (1955). Plaintiff, the buyer, was away from home and her daughter in law was staying there, when defendant's agent entered the house over the daughter's protests, repossessed the stove, and spilled water and

soot in the kitchen and bedroom. The contract gave a right to repossess the property without legal proceedings. A verdict for actual and punitive damages was affirmed, since defendant had committed a wilful trespass into the private residence of the plaintiff. It was held that there is a material difference between a repossession of this type by invading a person's home, and a repossession of property such as an automobile.

Where an automobile is parked on public highway or elsewhere, many cases have upheld the right to repossess without violence or acts tending to a breach of the peace. 146 A. L. R. 1336-1340. For example, in G. M. A. C. v. Vincent, 183 Okla. 547, 83 P. 2d 539 (1938), plaintiff was delinquent on two installments. G. M. A. C. repossessed the car when it was parked on a public street in Oklahoma City. Plaintiff had the keys, so defendant's agent towed the car to a garage. Plaintiff was not present. He claimed he had certain minor articles of clothing in it. His evidence indicated defendant's agent broke the door handle off the car. Plaintiff found it near where the car was parked. A judgment for plaintiff was reversed and judgment rendered for defendant, except as to defendant's liability for the personal articles of clothing. The court held that possession must be "obtained in an orderly manner and without creating a breach of the peace." It then said: "Assuming that said agent broke the door handle in attempting to take possession of the automobile, such would not constitute an unlawful use of force sufficient to constitute a conversion of the property, under the applicable authorities. There were no threats or violence used and, clearly, the evidence does not disclose a breach of the peace. There was no conversion of the automobile and under the evidence presented, the trial court erred in submitting such issue to the jury."

In the instant case, the truck was parked on a lot. Defendant broke nothing, but simply unscrewed

a small panel on the cab in order to reach inside and open the door. Plaintiff was not present, and defendant did nothing to constitute a breach of the peace or use of force as to plaintiff. The repossession was entirely peaceable and, under the circumstances, reasonable. Plaintiff was three months delinquent on payments, owing over $1,000 on the truck. After nine months of ownership, plaintiff had driven it over 100,000 miles. He was preparing to drive it to California as soon as it was loaded. The only sensible conclusion is that defendant was acting prudently and reasonably in repossessing the truck under these circumstances. He clearly had a contractual right to do it.

Plaintiff testified that Cook agreed to wait from Saturday until Monday, when plaintiff intended to try to get from his employer, Phillips, the money to pay delinquent installments. Cook denied this. In Brewer v. Universal Credit Company, 191 Miss. 183, 192 So. 902 (1940), the buyer was delinquent, and agreed with the seller to store the car at a garage for thirty days, after which he would pay the delinquent installments. The car was stored under the agreement, but seller within less than thirty days took the car and sold it at a private sale. Plaintiff sued for conversion. Defendant contended that this agreement was ineffectual for want of consideration. The Court said it was not necessary to pass on the consideration, since the seller elected not to repossess within thirty days, and, under the doctrine of promissory estoppel, it was estopped to take the car within that time. In *Brewer,* plaintiff obtained the two installments within the thirty days, and had expended efforts in doing so. The seller's promise induced such action by Brewer, as well as storage of the car. Assuming Martin's testimony to be true, Cook's agreement to wait until Monday did not induce any action by Martin. Martin in fact did nothing. The truck was stored at a Memphis garage with instructions to release it if Martin paid

the delinquent installments. Martin never obtained, offered or tendered them. So this is not the type of case calling for application of the doctrine of promissory estoppel.

The Mississippi cases do not indicate that Cook's repossession was unlawful. They support its validity. In Commercial Credit Company v. Spence, 185 Miss. 293, 184 So. 439 (1938), where the repossession was held to be unlawful, there were peculiar and extreme circumstances. Spence purchased a car and had paid all except one of the twelve installments. Defendant, C. C. C., notified plaintiff that the original note and sales contract would be delivered to him at the time of payment of the last installment. This was a right plaintiff had under Code of 1930, Section 2730. Since defendant did not have the note in its Mississippi office, there was a misunderstanding between the parties which caused the delay in payment of this final installment. Plaintiff was out of town. His wife had the keys to the car, and had parked and locked it in the hotel parking lot. The seller's representative was instructed to collect the last installment or seize the car. He went to Durant and found plaintiff was out of town. He did not see plaintiff or his wife about payment; but instead took a tool, broke a window, released the gears, and had the car towed to a garage. Plaintiff returned that night and called the seller's representative, asking him why he had not seen his wife before taking the car. The agent replied that he did not consider that he owed him that much respect. Plaintiff made the last payment and got possession of his car in its damaged condition.

Under these circumstances, the repossession was in effect obtained by fraud, stealth and the improper use of force. So the Court held that "under the facts as stated," the conduct of defendant was a trespass which warranted punitive damages. The exaggerated circumstances of that case are materially different from the

present facts, where plaintiff had ample notice that Cook intended to repossess, it was done peaceably without any damage to the truck, and without fraud or stealth.

Commercial Credit Company v. Cain, 190 Miss. 866, 1 So. 2d 776 (1941), limited the *Spence* case to its peculiar facts. There C. C. C. repossessed the car on a public street while the owner was absent, but her husband was present and objected to the taking. There was no argument, force or violence. The keys were in the car. The repossession was upheld. The limitations of *Spence* were held not to apply. The Court said, with reference to the right of repossession, "We cannot impose further limitations upon it."

Furches Motor Company v. Anderson, 216 Miss. 40, 61 So. 2d 674 (1952) followed *Cain*. Repossession was taken on a public street. The car was closed, the keys in the ignition. The man driving it for the owner made no protest. The repossession was said to be peaceable, in compliance with the terms of the contract, and without any force or violence. In Dearman v. Williams, 109 So. 2d 316 (Miss. 1959), a repossession was held valid which occurred peaceably on the buyer's driveway at his home and in his absence.

In brief, the repossession by Cook was peaceable and under the terms of the contract. Plaintiff admittedly was delinquent. Cook gave him notice that he intended to repossess. The buyer proposed to take this expensive truck on a lengthy trip to California. Surely the seller had a right to protect himself. No physical damage was done to the truck, as in *Spence*. The general rule and that stated in the *Cain, Furches Motor Company* and *Dearman* cases appears to sustain the propriety of the method of repossession followed by appellee. The judgment of the circuit court on both direct and cross-appeals is reversed, and judgment is rendered here for appellee Cook.

Reversed on direct and cross-appeals and judgment here for appellee.

*Roberds, P. J.,* and *Hall, Holmes* and *Gillespie, JJ.,* concur.