183 So.2d 592 (1966)
Harry J. McDOWELL, On Behalf of Himself and All Other Stockholders of Interstate Construction Equipment, Inc., a Florida Corporation, Similarly Situated, Appellant,
v.
JAMES TALCOTT, INC., a New York Corporation, and Interstate Construction Equipment, Inc., a Florida Corporation, Appellees.
No. 65-169.
District Court of Appeal of Florida. Third District.
February 22, 1966.
Blackwell, Walker & Gray and Melvin T. Boyd, Miami, for appellant.
Nicholson, Howard & Brawner, Miami, for appellees.
Before HENDRY, C.J., and TILLMAN PEARSON and SWANN, JJ.
PER CURIAM.
The plaintiff appeals a summary final decree for the defendant in an action for conversion and trespass which allegedly arose as a result of an unlawful repossession of personalty.
Even though there is an issue concerning the nature of the agreement signed by plaintiff and defendant's assignor (lease or conditional sales contract), and whether or not plaintiff had a right of possession in the premises from which the equipment was taken, there is no genuine issue as to a material fact. The plaintiff consented, in the agreement signed, to a repossession of the equipment "wherever it may be located." There was no evidence to indicate that this repossession without legal process *593 constituted a trespass or a breach of the peace; therefore, the chancellor did not err in entering a summary final decree for the defendant. See C.I.T. Corporation v. Brewer, 146 Fla. 247, 200 So. 910 (1941); Cutler Gate Building Corp. v. United States Leasing Corp., Fla.App. 1964, 165 So.2d 207; Martin v. Cook, 237 Miss. 267, 114 So.2d 669 (1959); Morrison v. Galyon Motor Co., 16 Tenn. App. 394, 64 S.W.2d 851 (1932); Annot., 146 A.L.R. 1331, 1341; 99 A.L.R.2d 358; 3 Williston on Sales, § 579a (Rev.Ed. 1948).
Affirmed.