PER CURIAM.
Defendant-appellant appeals an adverse final summary judgment for $1,500 entered in favor of plaintiff-appellees in an action for damages.
In January 1970, plaintiffs Edward J. Corey and Eleanor Corey purchased from the defendant Harry Lee Motors, Inc. pursuant to a retail installment contract a 1968 Pontiac automobile for $2,858.14. Plaintiffs made a down payment of $1,358.14 consisting of $458.14 in cash and $900 given in trade for their 1964 Pontiac. The unpaid balance on the amount financed was $1,500 and the deferred payment price of $1,812.33 was payable in 24 equal monthly installments of $90.87 commencing on the 20th day of February, 1970. Thereupon, defendant Harry Lee Motors, Inc. assigned the subject contract to the defendant-appellant, Westchester National Bank. Plaintiff-appellees failed to make the first installment payment and thereby were in default according to the terms of the contract. Five days after the installment was due, defendant-appellant bank had the car repossessed. Thereafter, plaintiffs filed a second amended complaint for damages against Harry Lee Motors, Inc. and Westchester National Bank. As to the defendant-appellant bank, they alleged therein that the bank wrongfully repossessed their automobile and further that the bank and Harry Lee Motors, Inc., knowing plaintiffs’ credit was insufficient to arrange for financing, conspired to deprive them of their property.
In response thereto, appellant bank filed a motion to dismiss which was denied. Defendant filed an answer and subsequent thereto all parties moved for summary judgment. Summary judgment was granted in favor of defendant Harry Lee Motors, Inc. Defendant-appellant’s motion for summary judgment was denied. However, the court granted plaintiffs’ motion for summary judgment against the appellant, Westchester National Bank, and entered judgment thereon in the sum of $1,500. Defendant bank takes this appeal therefrom.
In Northside Motors of Florida, Inc. v. Brinkley, Fla.1973, 282 So.2d 617, our Supreme Court has held that a buyer is not entitled to damages where as in the case sub judice the seller of an automobile has a statutory right to repossess the automobile without judicial process after the buyer defaults in payments provided that such repossession is effected without a breach *798 of the peace and the buyer does not allege a breach thereof under a retail title contract allowing seller to enter the buyer’s premises and take possession of the automobile without prior notice and without liability therefor.
Accordingly, we reverse the judgment entered in favor of plaintiff-appellees and remand the cause to the trial court with directions to enter judgment in favor of defendant-appellant, Westchester National Bank.
Reversed and remanded.