321 So.2d 83 (1975)
Nancy RAFFA, Appellant,
v.
The DANIA BANK and Bruce Fletcher, Appellees.
No. 73-1394.
District Court of Appeal of Florida, Fourth District.
October 31, 1975.
*84 Harry G. Carratt, of Morgan, Carratt & O'Connor, Ft. Lauderdale, for appellant.
Theodore R. Hainline of Fleming, O'Bryan & Fleming, Ft. Lauderdale, for appellees.
SCHWARTZ, ALAN R., Associate Judge.
On September 27, 1972, Nancy Raffa and her husband were entertaining friends at their home in Lighthouse Point. Mrs. Raffa's 1970 Cadillac Eldorado was parked, unlocked with the keys in the ignition, in the driveway of the home, half under the roof of the open, attached carport, half not. Unfortunately, Mrs. Raffa was, at that time and as she knew, over a month behind on the 16th of 36 monthly installments she owed on the car to the Dania Bank under a standard Retail Installment Contract which had been assigned to it. Because of this admitted fact, an officer of the bank authorized a private investigator named Bruce Fletcher, whom it rather euphemistically designated its "collection agent" for that purpose, to repossess it. Although Mrs. Raffa said the bank had given her no notice at all of its intention to do so, that's just what Fletcher and an employee of his, Joseph Kopel, immediately did. Fletcher and Kopel went to the Raffas' residence. Kopel walked onto their premises and up the driveway, got into the car (without having to go into the carport[1]), turned on the keys and drove it away. When Mrs. Raffa and her guests came out of the house, it was gone and she was, she said, embarrassed about it.
After having resecured the car by paying off the remainder of the loan, Mrs. Raffa sued the Bank and Fletcher for compensatory and punitive damages based on a claim of the car's conversion. The claim was based on two theories of the defendants' alleged wrongdoing: (a) that they had committed an "unlawful trespass" in the course of repossessing the car; and (b) that they had improperly done so without having first given specific notice of the overdue debt or of their intention to retake the car because of it. The trial judge entered summary judgment for the defendants, thus holding that the record conclusively demonstrated the nonviability *85 of either theory. We affirm his determination as to the first of the plaintiff's assertions and reverse it as to the second.
Our determination of the claim of impropriety in the manner in which the Bank asserted its contractual and statutory right under the U.C.C. to retake possession of the property which secured its loan is necessarily based upon an interpretation of the Supreme Court decision which specifically upheld the right to the use of self-help in order to repossess, Northside Motors of Florida, Inc. v. Brinkley, Fla. 1973, 282 So.2d 617. In Brinkley, the Court, relying both upon the specific terms of the statutory provision in question, F.S. § 679.503, and of the pre-U.C.C. law which the statute merely codified, held that a secured creditor may retake its security if this may be done, as the statute says, "without breach of the peace ..." The plaintiff essentially contends that the mere fact that the defendants went onto her property amounted to such a breach of the peace. We cannot accept this contention.
The Brinkley case makes specific reference to the problem in its adoption, at 282 So.2d 625, of the rule stated in Percifield v. State, 93 Fla. 247, 111 So. 519 (1927), to the effect that a creditor may repossess property only
"without committing an unlawful trespass or other breach of the peace." [emphasis supplied]
In itself, the use of the word "unlawful" as a modification of the term "trespass" demonstrates that there need be something more than merely entering the real property of the debtor. And it is plain that the "trespass" involved here was not "unlawful;" it was authorized and thus consented to in the provisions of the sales agreement by which the plaintiff was bound. The agreement provides that, upon default,
"... Seller may, without notice or demand for performance or legal process, lawfully enter any premises where motor vehicle may be found and take possession of it ..."
Courts in other jurisdictions, applying similar contractual and statutory provisions to situations such as this one, have uniformly held that no "unlawful" or "unauthorized" entry or trespass and thus that no "breach of the peace" was involved when, as here, there was no entry into a home or other closed building on the premises. Dearman v. Williams, 235 Miss. 360, 109 So.2d 316 (1959) so holds on facts virtually identical to these. Accord, Gill v. Mercantile Trust Co., Mo. App. 1961, 347 S.W.2d 420; Rea v. Universal C.I.T. Credit Corp, 257 N.C. 639, 127 S.E.2d 225, 227 (1962); Kroeger v. Ogsden, Okla. 1967, 429 P.2d 781 (airplane taken from open hangar); Gregory v. First National Bank, 241 Or. 397, 406 P.2d 156 (1965); see also C.I.T. Corp. v. Short, 273 Ky. 190, 115 S.W.2d 899 (1938) (car taken from open garage); Pioneer Finance & Thrift Co. v. Adams, Tex.Civ.App. 1968, 426 S.W.2d 317; Morrison v. Galyon Motor Co., 16 Tenn. App. 394, 64 S.W.2d 851 (1932); Annot, What conduct by repossessing mortgagee or vendor entails tort liability, 99 A.L.R.2d 358, 385-386; 1 Restatement, Torts 2d, § 182 (1966); White and Summers, Uniform Commercial Code, 626-6, pp. 968-969 (1972), quoted with approval in Brinkley, supra, at 282 So.2d 624-625. In agreement with these authorities, and since it is undisputed that no door, not even one to a garage, on the Raffa premises was opened, much less broken, we conclude that the way in which the repossession was effected was conclusively shown to have been nonactionable. Cf. also, McDowell v. James Talcott, Inc., Fla.App. 1966, 183 So.2d 592; Westchester National Bank v. Corey, Fla. App. 1974, 293 So.2d 796.
Mrs. Raffa also claims, however, that, under the circumstances of this case, and despite the provisions of the agreement to the contrary, she was entitled to notice from the Bank before the repossession took place. In Ford Motor Credit Co. v. Waters, Fla.App. 1973, 273 So.2d 96, 99-100, *86 the Court, following Commercial Credit Co. v. Willis, 126 Fla. 444, 171 So. 304 (1936), held that past acceptances of late payments without repossession might give rise to a right by the purchaser to rely upon that course of conduct and a concomitant duty by the creditor to notify the buyer prior to his changing the pattern by retaking the property. In this record there are indications that Mrs. Raffa had in fact been allowed in the past to make up late payments and that the Bank had accordingly not repossessed her automobile. At the very least, the defendants did not discharge their affirmative duty, on motion for summary judgment, of conclusively establishing the absence of a genuine issue of material fact as to this contention. Holl v. Talcott, Fla. 1966, 191 So.2d 40. Accordingly, the cause is remanded for appropriate determination below of the claim that, under these circumstances, notice or demand was required prior to the retaking of Mrs. Raffa's car.
Affirmed in part, reversed in part, and remanded.
OWEN and DOWNEY, JJ., concur.
NOTES
[1] The 1970 Eldorado had a very long hood.