351 So.2d 750 (1977)
MARINE MIDLAND BANK-CENTRAL, Etc., et al., Appellants,
v.
Arthur J. COTE and Elizabeth R. Cote, Appellees.
Harvey C. ALTES, Appellant,
v.
Arthur J. COTE and Elizabeth R. Cote, Appellees.
Nos. EE-181, EE-185.
District Court of Appeal of Florida, First District.
November 9, 1977.
Edwin P.B. Sanders and David A. Burt of Landis, Graham, French, Husfeld, Sherman & Ford, P.A., Daytona Beach, for appellant Marine Midland Bank-Central.
Dan R. Warren of Judge & Warren, and Joseph T. Garlovsky, Ormond Beach, for Harvey C. Altes.
Richard A. Krause, Ormond Beach, for appellees.
*751 SMITH, Judge.
Early in the morning of August 3, 1972, appellant Altes or a person employed by him[1] entered appellees' private property and removed a vehicle from the open carport. Appellees had defaulted on payments due on the vehicle to Marine Midland Bank-Central, and Altes repossessed the vehicle on behalf of the bank. Appellees sued Altes and the bank, charging trespass. The court awarded appellees $2,500 in compensatory damages and $2,500 in punitive damages and found the bank had agreed to indemnify Altes for any judgment against him. Altes and the bank appeal.
Northside Motors of Fla., Inc. v. Brinkley, 282 So.2d 617 (Fla. 1973) and Raffa v. Dania Bank, 321 So.2d 83 (Fla.4th DCA 1975) approved repossessions in similar situations. But appellees argue those cases involved security agreements which explicitly authorized the creditor to enter upon the debtor's premises to repossess the security. Here the security agreement stated only
that when the Buyer is in default under this Contract... the Holder shall have all the rights and remedies of a secured party when a debtor is in default under a security agreement as provided under the Uniform Commercial Code, [appellees] hereby acknowledging and agreeing that such rights and remedies include the Holder's right to take possession and dispose of the vehicle after default ....
We must decide whether the secured party's right to repossess collateral provided by the Florida UCC in Section 679.503, Florida Statutes (1975)[2] includes a right to enter upon private property, or whether the statute simply authorizes creditors to contract for that right.
In Northside Motors, supra, the Supreme Court held Section 679.503 "is no more than a codification or restatement of a common law right and a contract right recognized long before the promulgation thereof and creates no new rights." 282 So.2d at 622. The Restatement (2d) of Torts, § 183 (1965) states that at common law:
(1) Except as otherwise agreed, a conditional vendor or lessor of a thing who is entitled to immediate possession thereof ... is privileged, at a reasonable time and in a reasonable manner, to enter land in possession of the vendee or lessee, for the purpose of taking possession of the thing and removing it from the land.
Our Supreme Court recognized this privilege in Percifield v. State, 93 Fla. 247, 111 So. 519 (1927). See also Bank of Jasper v. Tuten, 62 Fla. 423, 57 So. 238 (1911). Cf. McDowell v. James Talcott, Inc., 183 So.2d 592 (Fla.3d DCA 1966); Westchester Nat'l Bank v. Corey, 293 So.2d 796 (Fla.3d DCA 1974), app. dism., 303 So.2d 28 (Fla. 1974). Contrast C.I.T. Corp. v. Brewer, 146 Fla. 247, 200 So. 910 (1941), in which a creditor was found liable for trespass when its agent forcibly attempted to remove an automobile from property owned by a third party.
Courts in other jurisdictions have held a secured creditor privileged, under the UCC or the common law, to peacefully enter on the debtor's land when the security agreement authorizes repossession but does not specifically authorize entry. E.g., Hollembaek v. Alaska Rural Rehabilitation Corp., 447 P.2d 67 (Alaska 1968); Gill v. Mercantile Trust Co., 347 S.W.2d 420 (Mo. App. 1961); Benschoter v. First Nat'l Bank of Lawrence, 218 Kan. 144, 542 P.2d 1042 (1975), app. dism., 425 U.S. 928, 96 S.Ct. 1656, 48 L.Ed.2d 170 (1976) (where security agreement granted creditor "the remedies of a secured party under the Kansas Uniform Commercial Code," creditor had privilege to enter); Ikovich v. Silver Bow Motor Car Co., 117 Mont. 268, 157 P.2d 785 (1945); Westerman v. Oregon Auto. Credit Corp., *752 168 Or. 216, 122 P.2d 435 (1942); Willis v. Whittle, 82 S.C. 500, 64 S.E. 410 (1908); Morrison v. Galyon Motor Co., 16 Tenn. App. 394, 64 S.W.2d 851 (1932); Pioneer Fin. & Thrift Co. v. Adams, 426 S.W.2d 317 (Tex. Civ.App. 1968). While many of the cases approving entry by a creditor have involved a contract clause specifically authorizing entry,[3] we have not found or been directed to any case holding a creditor liable because a security agreement lacked such a clause. Cases holding creditors liable for trespass or conversion have involved entry in to dwelling,[4] removal of collateral from an enclosed and secured garage,[5] or some fraud or other misconduct by the creditor.[6]
We hold that, absent a contrary agreement, when a security agreement provides the secured party has on default the rights and remedies provided by the UCC, the right of repossession stated by Section 679.503 implies, just as it did at common law, a limited privilege to enter on the debtor's land. The privilege may be exercised only "without breach of the peace." Professors White and Summers have summarized the cases concerning breach of the peace, a number of which are cited above, as follows:
The meaning of the phrase "breach of the peace" has been the subject of countless judicial opinions. The draftsmen [of the UCC] knowingly chose this wellworn phrase, and did not define it anew. Accordingly the numerous pre-Code cases are still good law. To determine if a breach of the peace has occurred, courts inquire mainly into: (1) whether there was entry by the creditor upon the debtor's premises; and (2) whether the debtor or one acting on his behalf consented to the entry and repossession.
In general, the creditor may not enter the debtor's home or garage without permission, but he can probably take a car from the debtor's driveway without incurring liability. The debtor's consent, freely given, legitimates any entry; conversely, the debtor's physical objection bars repossession even from a public street. This crude two-factor formula of creditor entry and debtor response must, of course, be refined by at least a consideration of third party response, the type of premises entered and possible creditor deceit in procuring consent. [Footnotes omitted.] (J. White and R. Summers, Uniform Commercial Code 966-67 (1962), quoted with approval in Northside Motors, 282 So.2d at 624.)
We do not undertake to define the limits of the privileged entry accorded a creditor under Section 659.503. We hold simply that, unless the parties otherwise agree, when a vehicle is covered by a valid security agreement providing the creditor has a right to repossess the vehicle upon default, repossession of the vehicle from the debtor's unenclosed carport without threat or use of force is not trespass, regardless of whether the security agreement specifically authorizes entry upon the debtor's premises.
In # EE-185, the judgment against Harvey C. Altes is REVERSED. Since the *753 liability of Marine Midland Bank-Central in # EE-181 is predicated on Altes' liability, the judgment against the bank is REVERSED.
BOYER, Acting C.J., and MILLS, J., concur.
NOTES
[1] Altes disputes the trial court's finding that the person who physically repossessed the vehicle was Altes' agent, contending the man was an independent contractor. Our disposition of the case makes this issue immaterial.
[2] Section 679.503 provides in part:

Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace... .
[3] E.g., Northside Motors, supra; Raffa, supra; C.I.T. Corp. v. Short, 273 Ky. 190, 115 S.W.2d 899 (1938); Dearman v. Williams, 235 Miss. 360, 109 So.2d 316 (1959); Rea v. Universal C.I.T. Credit Corp., 257 N.C. 639, 127 S.E.2d 225 (1962); Helfinstine v. Martin, 561 P.2d 951 (Okl. 1977); Ford Motor Credit Co. v. Cole, 503 S.W.2d 853 (Tex.Civ.App. 1974).
[4] E.g., Evers-Jordan Furniture Co. v. Hartzog, 237 Ala. 407, 187 So. 491 (1939); Renaire Corp. v. Vaughn, 142 A.2d 148 (D.C.Mun.App. 1958); Girard v. Anderson, 219 Iowa 142, 257 N.W. 400 (1934); Hileman v. Harter Bank & Trust Co., 174 Ohio St. 95, 186 N.E.2d 853 (1962); Childers v. Judson Mills Store Co., 189 S.C. 224, 200 S.E. 770 (1939).
[5] E.g., Dominick v. Rea, 226 Mich. 594, 198 N.W. 184 (1924); Wilson Motor Co. v. Dunn, 129 Okla. 211, 264 P. 194 (1928); Voltz v. Gen. Motors Acceptance Corp., 332 Pa. 141, 2 A.2d 697 (1938); A.B. Lewis Co. v. Robinson, 339 S.W.2d 731 (Tex.Civ.App. 1960).
[6] E.g., Barham v. Standridge, 201 Ark. 1143, 148 S.W.2d 648 (1941) (creditor secured possession by promising to repair the car); Rhodes-Carroll Furniture Co. v. Webb, 230 Ala. 251, 160 So. 247 (1935) (creditor posed as policeman); Stone Mach. Co. v. Kessler, 1 Wash. App. 750, 463 P.2d 651 (1970) (creditor repossessed tractor with unauthorized aid of a uniformed sheriff's deputy).