

## III

Firnist J. Alexander, Jr., Jackson, Miss., for plaintiff-appellant.

Alex A. Alston, Jr., David A. Bowers, Jackson, Miss., for defendant-appellee.

Before REAVLEY, RANDALL and JOLLY, Circuit Judges.

PER CURIAM:

The sole issue in this appeal is whether under Mississippi law, a secured creditor breaches the peace, and therefore illegally repossesses a vehicle, when he makes an unauthorized entry onto the driveway of the debtor's residence to remove the vehicle. We hold that he does not, and we therefore affirm a summary judgment for the creditor in this case.

## I.

Robert Butler ("Butler") brought an action in Mississippi state court alleging that Ford Motor Credit Company ("FMCC") illegally repossessed his truck.[1] FMCC removed the case to the United States District Court for the Southern District of

**Robert BUTLER, Plaintiff-Appellant,**

v.

**FORD MOTOR CREDIT COMPANY, Defendant-Appellee.**

**No. 87–4190**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 16, 1987.

---

1. Butler also alleged that FMCC resold the truck without adequate notice or opportunity for redemption and that FMCC did not dispose of the truck in a commercially reasonable manner.

Mississippi based on diversity of citizenship. The district court granted summary judgment for FMCC, finding that the repossession was legal as a matter of law. Butler filed a timely notice of appeal.

The material facts are undisputed. Butler defaulted on a loan from FMCC that was secured by a truck. FMCC contracted with C & S Auto Recovery ("C & S") to repossess the truck. C & S towed the unlocked truck from Butler's driveway at 2:00 a.m. on May 18, 1984. The truck was not parked in a garage or carport but was in an open driveway in front of Butler's house. No one saw or confronted the C & S employees when they removed the truck.[2]

On appeal, Butler contends that the district court applied an erroneous legal standard when it entered summary judgment for FMCC on these facts. In conclusions of law, the court stated:

FMCC, as the secured party, had a right to repossess Butler's truck without judicial process if the repossession could be done without breach of the peace. *Miss. Code Ann.* § 75–9–503 (1972).

Entering on a private driveway to retake an automobile without the use of force is not a breach of the peace. *Dearman v. Williams* [235 Miss. 360], 109 So.2d 316 (Miss.1959); *Martin v. Cook* [237 Miss. 267], 114 So.2d 669–71 (Miss. 1959); *See also Northside Motors of Florida, Inc. v. Brinkley,* 262 [282] So.2d 617, 624–26 (Fla.1973); *Marine Midland Bank-Central v. Cote,* 351 So.2d 750 (Fla.App.1977).

Memorandum Opinion and Order at 3.

Butler argues that the district court misstated Mississippi law. Both of the Missississippi cases cited by the court involved conditional sales contracts in which the buyer gave written consent for entry onto his property, and thus in each case, the repossessor did not commit a trespass.[3] Noting that the Mississippi Supreme Court has not decided the issue, Butler advances the proposition that entering a private driveway to repossess a vehicle without the use of force is a breach of the peace because it constitutes a trespass. FMCC admits that Mississippi law is unclear but urges an opposite conclusion by relying on law from other jurisdictions.

## II.

We review a summary judgment by the same standards that control the district court's determination. *Russell v. Harrison,* 736 F.2d 283, 287 (5th Cir.1984). Viewing the facts in the light most favorable to the party opposing summary judgment, we must determine that the moving party is entitled to judgment as a matter of law. *Id.*; Fed.R.Civ.P. 56(c). We conclude that the district court properly entered summary judgment for FMCC, and we affirm.

Mississippi law determines the substantive rights of the parties in this diversity case. Specifically, the parties agree that the Mississippi Uniform Commercial Code authorizes a secured party to repossess collateral without judicial process if he does so without a breach of the peace. *See* Miss. Code Ann. § 75–9–503 (1972).[4] Thus the question is whether FMCC's repossession constituted a breach of the peace. The answer required a legal conclusion by the district court, which we are free to examine. *See Halpern v. Lexington Ins. Co.,*

---

However, Butler does not appeal the district court's adverse findings on these claims.

**2.** The district court stated these facts as findings in a "Memorandum Opinion and Order" filed with the judgment. Butler stated them almost verbatim in his appellate brief, and we accept them as true.

**3.** Butler further distinguishes the cases because the repossessions occurred at 4:00 p.m. and 6:30 p.m. respectively rather than at 2:00 a.m. Also in *Dearman,* the repossession occurred while the buyer was not at home, and in *Martin,* the vehicle was not taken from a residential drive-

way. We note the dissimilar facts of this case, and in our attempt to discern Mississippi law, we will consider all relevant facts.

**4.** Section 75–9–503 provides in pertinent part:
  Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action.

This is a uniform provision of the Uniform Commercial Code, enacted in most jurisdictions;

715 F.2d 191, 192 (5th Cir.1983) (citing cases).

Because the Mississippi courts have not decided a case with similar facts, the federal district court made an educated guess concerning how the Mississippi Supreme Court would rule, and we give great weight to the district court's opinion on review. *See, e.g., Galindo v. Precision Amer. Corp.*, 754 F.2d 1212, 1217 (5th Cir.1985); *Halpern*, 715 F.2d at 192. Dicta in the Mississippi cases cited by the district court and many cases from other jurisdictions support the court's conclusion that the entry onto Butler's driveway to remove the truck did not breach the peace.[5] In fact, recognized authorities in commercial law state: "We have found no case which holds that the repossession of an automobile from a driveway or a public street (absent other circumstances, such as the debtor's objection) constitutes a breach of the peace, and many cases uphold such a repossession." J. White & R. Summers, *Handbook of the Law under the Uniform Commercial Code* 1097 (2d ed. 1980). Butler cites no case holding that peaceful entry onto a debtor's land without his permission, but without physical objection or intrusion into a dwelling or garage, constitutes a breach of the peace. Thus we are unwilling to overturn the district court's decision.

### III.

For the above reasons, we affirm the summary judgment.

AFFIRMED.

---

thus case law from other jurisdictions provides persuasive authority concerning its interpretation.

5. For example, in *Martin v. Cook*, 237 Miss. 267, 114 So.2d 669, 671 (1959), the Mississippi Supreme Court stated: "The principal test is whether the repossession was peaceable, or required the use of force or threats as to the buyer or his representative." Similarly in *Dearman v. Williams*, 235 Miss. 360, 109 So.2d 316, 320–21 (1959), after noting that the sales contract authorized entry, the Mississippi Supreme Court stated: "Then, too, the collector did not invade the privacy of the plaintiff's home but merely removed the automobile from the unenclosed

---

driveway in front of the residence, as to which the plaintiff testified that those had a right to come when they had business with him." The district court relied on a Florida case which expressly held that under the same provision of the Uniform Commercial Code, the secured creditor had a limited privilege to enter on the debtor's land to repossess a vehicle from an unenclosed carport without threat or the use of force, even though the security agreement did not specifically authorize entry. *See Marine Midland Bank-Central v. Cote*, 351 So.2d 750, 752 (Fla.Dist.Ct.App.1977) (citing cases from other states that have recognized this privilege under the U.C.C. or common law).