PER CURIAM.
The appellee sued both Riviera Pools, Inc. and Riviera Pool Service, Inc. in tort for trespass, theft, and conversion of pool equipment. Defendant Riviera Pools, Inc. claimed that since appellee’s contract for pool renovations and spa installation was with Riviera Pool Service, Inc., it could not be liable to appellee. However, the evidence was conflicting both as to who the contracting party on construction of the jacuzzi was and also as to which corporation directed the repossession of the pool equipment. In addition, there was a substantial dispute as to whether or not appel-lee was in default in the payment of his contractual obligations under the contract. The self help remedy of repossession is available only in the event of default. See Raffa v. Dania Bank, 321 So.2d 83 (Fla. 4th DCA 1975).
It was the trial court’s duty to weigh the evidence and determine the facts. There was substantial competent evidence to support the judgment. We therefore affirm.
LETTS, GLICKSTEIN and WARNER, JJ., concur.