## OSEAS v KAUFF'S TOWING

Case No. 89-5926 SP 05

County Court, Dade County

June 30, 1989

### APPEARANCES OF COUNSEL

**Pedro Oseas,** pro se.

**Ellen M. Waldman,** for defendant.

### OPINION OF THE COURT

HARVEY L. GOLDSTEIN, County Judge.

### *FINAL JUDGMENT FOR PLAINTIFF*

Plaintiff, Pedro Oseas, claims damages from Defendant, Kaff's Towing, for conversion of his personal property (construction tools and machine equipment) that resulted from an unauthorized tow of his motor van. The Defendant denies Plaintiff's claim. It relies on Florida Statute § 713.78(6) (Liens for recovery, towing, or storing vehicles). The Court finds that the towing service is clearly liable for the personal property found in a towed motor vehicle because:

(1) the defendant is a constructive bailee,

(2) F.S. § 713.78 does not provide for a lien on personal property left in a towed motor vehicle.

## STATEMENT OF FACTS

On or about February 13, 1989, Plaintiff's 1974 Ford van broke down while he was driving to a job. He pushed the van to an acquaintance's home and parked it on the county right-of-way between the sidewalk and street in front of his acquaintance's house with the acquaintance's permission. Because he was unable to pay for repairs to the van, the Plaintiff parked the van with his tools and other equipment inside for three days.

On February 16, 1989, a neighborhood resident contacted the Metro Dade Police Department to report an abandoned vehicle. Office Doris Smith was dispatched to the scene. She made an inspection and ran a check to determine its owner. She was unable to contact Plaintiff and subsequently contacted the Defendant, Kauff's Towing to have the van towed to Defendant's storage yard. She did not attempt to contact the Plaintiff's acquaintance whose home was directly behind the parked van.

Subsequently, the Plaintiff went to Defendant's yard to claim his van and personal property. However, he was not allowed to enter his van to recover his personal property without payment of towing and storage charges. Unable to pay the charges the Plaintiff took no other action.

On February 21 and 27, 1989, the Defendant pursuant to Florida Statute § 713.78 mailed notices of its claim of lien to Plaintiff. After failure of Plaintiff to pay any charges the van was sold for $185.00 at auction on April 6, 1989. The Plaintiff did not appear at the auction.

## FINDINGS AND CONCLUSIONS OF LAW

First, the Court finds that the Plaintiff's van was wrongfully towed because the Metro Dade Police Officer did not comply with Florida Statute § 705.103(2) (Procedure for abandoned or lost property). The officer failed to give the Plaintiff the required five day notice to remove the van or have it towed. The Defendant, however, is not liable for the wrongful tow because it only acted in compliance with its contractual obligation to Dade County. Liability for the wrongful tow belongs to Dade County which is not a party to this lawsuit.

Second, this Court finds that the Defendant is a constructive bailee

178

in this case. The Defendant here took possession of the Plaintiff's van with an obligation to return it to the Plaintiff in the same condition at the time of taking. The taking was without the agreement of the Plaintiff and solely for the benefit of the Defendant bailee.

The circumstances in this case are similar to those in *Southern Industrial Savings Bank v Greene*, 224 So.2d 416 (3d DCA 1969). In that case the court held that the creditor became a constructive bailee of a motor vehicle that was repossessed upon default of a finance agreement. Therefore, the bank bailee was held responsible for the loss of the certain personal property which was secreted in the trunk of the repossessed vehicle upon the showing of a lack of reasonable care under the circumstances.

Three, the Court finds the Defendant bailee has not improved the value of the bailed property by its labor or service. At common law, the Defendant would not have any lien on the van. The Defendant only has a statutory lien on the vehicle pursuant to Florida Statute § 713.78(2)(c) for reasonable towing and storage fees. The statute does not mention any lien on personal property found in the vehicle. Where the statute is completely silent as to personal property, the Court cannot and will not find a lien when there was none at common law. Under the rules of statutory construction, the statute must be strictly construed. The Defendant did not have any lien on the Plaintiff's personal property left in the van.

Finally, this Court finds the Defendant guilty of converting the Plaintiff's personal property. Dade County Code, Article III, § 30.469(12) states that the tow company "shall assist the registered owner in obtaining any identification and documentation of ownership as well as any personal effects, medical materials and perishable goods." The Defendant knowingly refused Plaintiff's request to remove his tools and equipment. The Defendant failed to take an inventory of the Plaintiff's personal property. The Defendant sold the van with the enclosed tools for the Defendant's benefit.

IT IS HEREBY ORDERED AND ADJUDGED:

The Plaintiff, PEDRO OSEAS, hereby recovers from the Defendant, KAUFF'S TOWING, the sum of $185.00, plus costs in the amount of $_____, for which let execution issue.

This judgment shall bear interest at the rate of 12% per year from date of entry until satisfied.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 30th day of June, 1989.